### ST. LOUIS S. W. RY. CO. v. HENSON.

#### (Circuit Court of Appeals, Eighth Circuit. October 16, 1893.)

#### No. 279.

1. APPEAL—OBJECTION NOT RAISED BELOW.
   In an action by a husband for the alleged negligent killing of his wife, an objection that plaintiff has no legal capacity to sue will not be considered on appeal, where the objection is then made for the first time.
2. SAME—OBJECTIONS TO EVIDENCE.
   An objection to the introduction of testimony which states no ground for the objection, deserves no consideration in the trial court, and will receive none in the appellate court.
3. DEATH BY WRONGFUL ACT — RECOVERY BY HUSBAND FOR LOSS OF WIFE'S SERVICES—MARRIED WOMEN'S ACT.
   The Arkansas statute relating to married women, providing that their earnings shall be their sole and separate property, does not divest a husband of the right to his wife's services, nor, where her death has been caused by negligence, preclude him from recovering for the loss of such services.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas. Affirmed.

Statement by CALDWELL, Circuit Judge:

H. M. Henson, the defendant in error and plaintiff below, brought this suit in the circuit court of the United States for the eastern district of Arkansas against the St. Louis Southwestern Railway Company, the plaintiff in error, to recover damages for the alleged negligent killing of his wife by the railway company, while she was traveling in a boarding car attached to one of its trains. There was a trial before a jury, and a verdict and judgment for the plaintiff, and the company sued out this writ of error.

J. M. Taylor, J. G. Taylor, and Sam H. West, for plaintiff in error.
E. Foster Brown, Sterling R. Cockrill, and George H. Sanders, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

It is said in the brief of the learned counsel for the plaintiff in error that the plaintiff "had no legal right or capacity to institute this suit in his own name. Consequently, having no legal capacity to sue, the objections to the testimony of each of the witnesses offered at the proper time by the plaintiff in error should have been sustained, and no such evidence was legal under the complaint." But no such objection to the admission of the testimony was made in the lower court. The bill of exceptions states that "the plaintiff, to maintain the issue on his part, against.the objection of the defendant then and there made to the testimony of each witness at the time made, and which objection the court overruled, and to which ruling the defendant at the time excepted." And the language of the assignment of errors is "that the court erred in permitting the witness O. J. Storm to testify before the jury, and admitting his testimony as evidence in this case against the objection of the defendant." This assignment is repeated in the same language as to every witness called by the plaintiff. A further assignment of error is "that the court erred in permitting any testimony to be introduced under the complaint and answer in this case." It will be observed that the grounds of the objection to the introduction of the testimony are not stated either in the bill of exceptions or assignment of errors. The objection that the plaintiff cannot maintain an action in his own name for the negligent killing of his wife is made for the first time in this court. It might have been raised in the lower court by a demurrer to the complaint, or by an objection to the introduction of the testimony, or by request for an instruction, but it was not raised in any of these modes and was not raised at all. The plaintiff in error proffered eight requests for instructions, not one of which questioned, and every one of which by implication conceded, the right of the husband to bring the suit, and rested the defense to the action on other grounds. It is the province of an appellate court to review the rulings of the trial court on questions actually brought to the attention of that court and decided by it. An objection to the introduction of testimony which states no ground for the objection deserves no consideration in the trial court and will receive none in this court. And a party cannot urge one ground in the trial court and another on appeal. These rules are essential to preserve the character of this court as a court of review. Elliott, App. Proc. §§ 770, 771. An appellate court can consider only such matters as are properly of record, and a matter not appearing of record has no existence as a predicate for error. When the record does not affirmatively show error duly excepted to in the lower court, and duly assigned for error there, the presumption obtains that no error was committed. As the right of the plaintiff to maintain this suit in his own name was not questioned, so far as the record shows, on the trial of the cause in the lower court, and was not there assigned for error, this court cannot consider it.

The remaining specification of error relied on is that the court refused to make certain sections of the married women's act of Arkansas a part of its charge to the jury. To have done so would

have been to confuse and mislead the jury. The act provides that a married woman may bargain, sell, assign, and transfer her separate personal property, and carry on any trade or business, and perform any labor or service on her sole and separate account, and that the earnings of any married woman from her trade, business, labor, or services shall be her sole and separate property, and may be used or invested by her in her own name. The contention of the plaintiff in error is that, under this act, the husband has no valuable right in the services of his wife, and that he suffers no pecuniary loss by her death. This act does not put the wife on the footing of a concubine to her husband. It does not relieve her from those marital duties and obligations she takes upon herself at the marriage altar, and which are inherent in the relation of husband and wife among all Christian peoples. The statute does not purport to relieve a wife, and was not intended to relieve her, from the legal duty of performing these services, which it is the pleasure of every good housewife to render to her husband in sickness and in health, independently of any mere technical legal obligation, and which she would render despite any statute that could be enacted to the contrary. These rights and duties are imposed by a law having a much higher and better source than the common law, which simply imparts to them that legal sanction essential to their maintenance and protection in a court of law against invasion from any quarter. On this subject the court charged the jury as follows:

"The plaintiff is not entitled to recover anything except the actual value of her services to him, if any, in dollars and cents. It is not a question of sentiment, and you must disabuse your minds of that, gentlemen; it is a question of actual pecuniary compensation. He is not entitled to recover anything for the loss of her companionship, of her love and affection, or anything of that kind. That must not enter into your calculation as to the amount he should recover, but he is entitled to recover what the proof shows her services would be worth to him. * * * I will say to you, in regard to the relation of husband and wife, that while in this state it is true that, so long as the wife chooses, her earnings and her property are her own, and not subject to the control or direction or management of her husband, yet, if she chooses to give him her services, then he may have them; and in determining this question as to the value of her services, if you find from the testimony that she did, from the time of her marriage up to the time of her death, give him her services and her earnings, that is a circumstance to consider in determining whether or not she would continue to do so. If you shall find from the testimony that her services were given to him, the next question is, what were they worth in dollars and cents? You will not go into any field of imagination about this, but you must take it from the proof as given by the witness in this case, and you are the sole judges of that testimony. You are to say in dollars and cents what the value of her services should be."

This charge was more favorable to the defendant than it had any right to ask. The judgment of the court below is affirmed.