## CONTINENTAL TRUST CO. v. TOLEDO, ST. L. & K. C. R. CO.

(Circuit Court, N. D. Ohio, W. D. October 24, 1898.)

RAILROADS—LIABILITY FOR FIRES—NEGLIGENCE—CONSTRUCTION OF STATUTE.
   The Ohio act of April 26, 1894 (91 Ohio Laws, p. 187), on the subject of the liability of railroad companies or others operating railroads for loss or damage resulting from fires caused in the operation of such roads, does not eliminate negligence as an essential element of such liability.

This hearing was on exceptions to the report of a master on the intervening petition of the Dewey Stave Company and the Dayton Insurance Company against the receiver to recover for the loss of property by fire caused in the operation of defendant's road by the receiver.

Clayton W. Everett and Doyle & Lewis, for intervening petitioner.
Clarence Brown, for receiver.

TAFT, Circuit Judge. The Dewey Stave Company is a corporation of Ohio engaged in the manufacture of staves. Its plant is situate adjacent to the line of the railway of the Toledo, St. Louis & Kansas City Railroad Company. The principal action is an action in foreclosure. The road is being operated, under orders of the court, by a receiver. The mill and other property of the Dewey Stave Company were burned by fire caused by hot cinders from the stack of a locomotive of the receiver. The intervening petition is by the Dewey Stave Company and the insurance company, to which it has transferred part of its claim upon payment of a policy. Petitioners seek to obtain compensation from the receiver's earnings for the loss thus occasioned to them, which aggregates about $16,000. The master heard evidence, and makes a finding of fact that the fire was caused by hot cinders from an engine falling upon the roof of a shed of the Dewey Stave Company during a very long drought, and at a time when a very high wind was blowing. The master finds that there was a spark arrester on the engine, which had been examined very shortly before the accident, and that the receiver was guilty of no negligence whatever in respect to the fire. He thereupon finds, as a conclusion of law from this finding of fact, that the receiver is not liable. Exceptions are filed to the report of the master in respect of his conclusion of law, and the motion is made for a decree for the amount of the loss found by him to have been suffered, notwithstanding the conclusion of law. The case turns upon the construction of an act of the legislature of Ohio passed April 26, 1894 (91 Ohio Laws, p. 187). The statute is as follows:

"Section 1. That every railroad company operating a railroad or any portion of railroad wholly or partially within the state of Ohio, shall be liable for all loss or damage by fire originating upon the land belonging to such railroad company caused by operating such railroad. Such railroad company shall be further liable for all loss or damage by fires originating on lands adjacent to such railroad company's land caused in whole or in part by sparks from an engine passing over the line of such railroad, to be recovered before any court of competent jurisdiction within the county in which the lands on which such loss or damage occur are situated, and the existence of such fires upon such railroad company's lands shall be prima facie evidence that such fire was caused by operating such railroad.

"Sec. 2. That in all actions against any person or incorporated company for the recovery of damages on account of any injury to any property, whether real or personal, occasioned by fire communicated by any locomotive engine, while upon or passing along any railroad in this state, the fact that such fire was so communicated shall be taken as prima facie evidence to charge with negligence the corporation, or person or persons who shall, at the time of such injury by fire, be in the use and occupation of such railroad either as owners, lessees or mortgagees, and also those who shall at such time have the care and management of such engine; and it shall not, in any case, be considered as negligence on the part of the owner or occupant of the property injured, that he has used the same in the manner or permitted the same to be used or remained, had no railroad passed through or near the property so injured, except in cases of injury to personal property, which shall be at the time upon the property occupied by such railroad.

"Sec. 3. In case either party appeal from the judgment of the court in which an action under this act is originally begun, or may carry the case to a higher court on error, the party in whose favor judgment is finally rendered shall have included in his bill of costs against the adverse party, an attorney fee of fifty dollars in case the appeal or error is not carried beyond the circuit court, and in case such appeal or error is carried to the supreme court of this state, there shall be an attorney fee of one hundred dollars. Section two of this act shall apply to all cases now pending as well as to those hereafter to be commenced."

The supreme court of Ohio in Ruffner v. Railroad Co., 34 Ohio St. 97, held that it was necessary, in suits against railroad companies for loss occasioned by fire, to prove negligence on the part of the railroad company where fire is communicated to adjacent property from its locomotives by escaping sparks; that the mere fact, without proof of negligence, will not support the action. This case, of course, put the affirmative burden upon the plaintiff of showing that the escaping of the sparks, and the communication of fire thereby, were due to the negligence of the railway company. By an act passed the 9th of April, 1885 (82 Ohio Laws, p. 118), every railroad company was required to place spark arresters on their locomotives used in operating such railroads, and to maintain them in proper condition. The second section imposed a penalty for every violation of the first section, and provided that the court of common pleas might enjoin any railroad company from operating on its railroad any locomotive not provided with the device. By the act of March 24, 1890 (87 Ohio Laws, p. 99), every railroad company was required to keep its right of way clear and free from high grass, weeds, and other combustible material liable to take and communicate fire from passing locomotives to abutting or adjacent property. The act provided further that the company should be liable for damages sustained by the owner or occupant of abutting property from any carelessness or neglect to keep such right of way clear of combustible material. The second section gave persons of adjacent

property the right, after 20 days' notice in writing, to move all the combustible material from the right of way of the road, and to collect the expense for the same from the railroad company. Thereafter, on April 26, 1894, the act in question was passed. Before the passing of this act it will be observed that the railroad companies were required to do certain things—First, to have a spark arrester, and keep it in proper condition; and, second, to keep their right of way free from combustible material. A failure to comply with either of these statutory obligations would be regarded as negligence per se. Railroad Co. v. Van Horne, 37 U. S. App. 262, 16 C. C. A. 182, and 69 Fed. 139; Railway Co. v. Craig, 37 U. S. App. 658, 19 C. C. A. 631, and 73 Fed. 642; Krause v. Morgan, 53 Ohio St. 26, 40 N. E. 886. And any loss arising therefrom must be compensated in damages, unless it could be shown that the plaintiff had been guilty of contributory negligence in bringing about the injury. If, however, the company kept its right of way clear, and kept spark arresters upon its engines, it still might be guilty of negligence causing loss; and the burden of showing such negligence was still upon the plaintiff, under the decision of Ruffner v. Railroad Co., 34 Ohio St. 97. In this condition of the law the act of 1894 was passed. If the law comprised only the first section, there would be little difficulty in construing it. It would make the railroad company liable in every case where its sparks ignited and destroyed the property of adjacent owners, whether the fire originated on the company's own lands, and was thence communicated to property of adjacent land, or was communicated directly by locomotive sparks to the property of adjacent landowners; and the question of negligence would be irrelevant and immaterial. That such a statute would be constitutional is conclusively settled for this court by the decision of the supreme court of the United States in Railroad Co. v. Mathews, 165 U. S. 1, 17 Sup. Ct. 243. But the difficulty of such a construction of the statute is that it is impossible to reconcile it with the provision in section 2. The statute is most bunglingly worded, and, when a court is called upon to construe it, it can only do its best to reach that result which will necessitate the rejection of the fewest words of the statute. It would seem that the statute had been made up of two different bills, with different purposes, thrown together into hotchpot. By the second section, which is to have future as well as retroactive application, it is provided that, in all actions against any person or incorporated company, injury to property occasioned by fire communicated by any locomotive engine shall be taken as prima facie evidence to charge with negligence a corporation or person or persons who shall at the time of such injury by fire be in the use or occupation of such railroad, either as owners, lessees, or mortgagees, and also those who shall at such time have the care and management of such engine. The second section applies to railroad companies as well as the first, because it applies to owners, lessees, and mortgagees of railroads operating them. If, however, the first section makes railroad companies absolutely liable, without respect to negligence, then the second section, in describing what shall constitute a prima facie case of negligence, is futile and meaningless. It will not do to say that section 2 can have sufficient operation in its appli-

cation to those persons operating railroads who are not railroad companies, because that would necessarily imply that for the same injury a railroad company operating a railroad would be absolutely liable, whereas an individual operating a railroad could only be held on proof of negligence. Such a classification of persons could certainly not be supported under the constitution of Ohio. It would be a general law without uniform operation. The only way in which the first and second sections can be reconciled and harmonized is to hold that the first section, except in the last clause, in which it provides a new rule of evidence, is merely declaratory of the law as it existed, and that the second section enacts a rule of evidence for the actions described in the first section. For this reason, I do not think that the legislature of Ohio has yet eliminated negligence as an essential element in causes of action of this class. The findings of the master are approved, and the intervening petition is dismissed.