LESSER COTTON CO. et al. v. ST. LOUIS, I. M. & S. RY. CO.

(Circuit Court of Appeals, Eighth Circuit.  March 10, 1902.)

No. 1,582.

1. RAILROADS—EVIDENCE—SETTING FIRES—FIRES SET BY OTHER ENGINES.
     Where the engine which alone could have set the fire is identified, testimony that other engines of the defendant set fires or threw sparks at other times is incompetent in the absence of proof of similar condition and operation.

2. SAME—HABIT OF PUNCHING SPARK ARRESTERS IMMATERIAL WHERE ENGINE IS IDENTIFIED.
     Where the engine which alone could have set the fire is identified, and its spark arrester is shown to have been without holes punched in it at the time of the fire, it is incompetent to show a habit of the engineers of the defendant to punch such holes in the spark arresters of their engines.

3. SAME—TESTIMONY AS TO FIRES SET BY OTHER ENGINES.
     Where the engine which might have set the fire is not identified, and the issue is either whether or not some unknown engine set the fire, or whether or not sparks could have flown from the engine to the burned building, testimony that other engines of the defendant at other near times and places set fires or threw sparks the requisite distance may be competent.

4. SAME—DUTY OF RAILWAY COMPANY AS TO PREVENTIVE MACHINERY.
     It is the duty of a railway company to exercise reasonable care to provide itself with the most effective mechanical contrivances in known practical use to prevent the escape of sparks and coals from its engines, but the law does not impose upon it the duty to absolutely provide such contrivances, or make it the insurer of their completeness or perfection.

**5. APPEALS—OBJECTIONS NOT PRESENTED BELOW UNAVAILING IN APPELLATE COURT.**

The federal appellate courts are courts for the correction of errors, only, in actions at law; and questions which were not presented to the court below may not be reviewed there, because the trial courts cannot be guilty of errors in rulings they have never made upon issues that never were presented to them.

**6. APPEAL—MISTAKES OF FACT IN CHARGE NOT REVIEWABLE.**

The opinion of a federal court upon the facts, expressed in a charge to a jury, is not reviewable on error, so long as no rule of law is incorrectly stated, and all matters of fact are ultimately submitted to the determination of the jury.

**7. SAME—TRIAL ON ONE THEORY WAIVES RIGHT TO REVERSE ON INCONSISTENT THEORY.**

One who tries his case upon one theory may not reverse the judgment against him upon an inconsistent theory which was not presented or urged at the trial.

**8. SAME—ALL RELEVANT EVIDENCE NECESSARY TO REVIEW SUFFICIENCY THEREOF TO WARRANT CHARGE.**

The legal presumption is that the evidence warranted the charge. of the court, and, if the plaintiff in error would attack it for the insufficiency of the evidence, he must either present all the evidence before the trial court, or all the evidence relative to the subjects treated in that part of the charge challenged, together with the certificate of the trial judge that the bill of exceptions contains such evidence.

**9. RAILROADS—SETTING FIRES—REASONABLE CARE IN DRY AND WINDY TIME.**

It is not error to refuse to give or to give a charge that greater care is required to protect against fires from operating engines in the presence of inflammable materials in a dry and windy time than on ordinary occasions, because it is not error to refuse to insert in a charge truisms which are a part of the common knowledge and experience of all men who have arrived at years of discretion, although it is not error to insert such statements.

**10. CHARGE—NOT ERROR TO REFUSE TO REPEAT RULE SUBMITTED IN WORDS OF COUNSEL.**

Where a rule of law has been fairly submitted to the jury in the general charge, it is not error to refuse to repeat it in the words of counsel's request.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

About 10 o'clock at night on Sunday, the 1st day of April, 1900, a fire broke out in the barn of one Best, in the town of Newport, in the state of Arkansas, which spread to a quantity of cotton near by, owned by the Lesser Cotton Company, and insured against fire by 14 insurance companies. The cotton was burned. The insurance companies paid the Lesser Cotton Company $195,000 on account of its loss, and then joined with that corporation in an action against the St. Louis, Iron Mountain & Southern Railway Company to recover the amount which they had paid, on the ground that the fire was set by the negligence of the railway company, and that they had been subrogated to the rights of the cotton company. The railway company denied its liability, and at the trial there was testimony on the part of the plaintiffs tending to show that the fire was set upon the roof of the barn by sparks which the railway company permitted to escape from its engine No. 577 while the testimony for the defendant was to the effect that this engine was perfect in construction and condition, and was skillfully handled, and that the fire was set on the inside of the barn either by tramps, smokers, or a camp fire which was burning in the yard within 75 feet of the building. The court submitted to the jury the issues whether or not the fire was set by the sparks from the engine, and whether or not the railway company was guilty of any negligence in the construction, repair, or management of its

locomotive. They returned a verdict for the defendant, and judgment was entered accordingly. This writ of error has been sued out to reverse this conclusion.

Ashley Cockrill and Joseph M. Stayton, for plaintiffs in error.
George E. Dodge and B. S. Johnson, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The trial of this case occupied 12 days. The bill of exceptions is a statement of the issues, the tendency of the evidence of the respective parties, the rulings of the court upon the exclusion of evidence and its charge to the jury. It is a model of clearness and brevity. A large number of errors are assigned, and the logical and facile method of treating them will be to consider them in three groups: First, those relating to the exclusion of testimony; second, those relating to the charge of the court; and, third, those relating to its refusal to give requested instructions.

1. It is assigned as error that the court refused to permit witnesses produced by the plaintiffs to testify that other engines of the defendant than the one which alone could have set the fire, under the evidence, "threw sparks a considerable distance, sufficiently large and live to set inflammable material on fire"; that it was the habit of operatives of engines on the defendant's road to punch large holes in the spark arresters of those engines, so that large cinders would be thrown through those holes; and that other engines of the defendant than the one which alone could have set the fire, under the evidence, contained defects, and were negligently handled, although they were similarly constructed. The bill of exceptions contains no record of the offer and rejection of any other evidence of negligence in the operation of, or of defects in, other engines than No. 577, except that relating to their scattering of sparks, and to the habit of punching holes in their spark arresters, so that the only question to be considered under this assignment is whether or not the latter testimony was improperly excluded. The record discloses the fact that the court refused to admit it because it was conceded in the case that, if the fire was caused by sparks from any of the defendant's engines, they came from engine No. 577, and the spark arrester of that engine had been produced in evidence in the court, and had been shown to be in the same condition as on the night of the fire, and no holes had been punched in it. It is insisted that these rulings were erroneous, because (1) there is evidence tending to show that the fire might have been caused by some other engine; and (2) because, even if the engine and spark arrester were identified, the testimony was competent to show a habit of negligence in operating and caring for the engines of the defendant. The first reason presents a question of fact, and it challenges a portion of the charge of the court; for the court instructed the jury, in effect, that, if the barn was set on fire by

sparks from one of the defendant's engines, it was done by engine No. 577. The consideration of this question of fact is, however, foreclosed by the bill of exceptions, which in one place states that the defendant introduced evidence tending to show "that there was no other engine there, and that, if the fire was set out, it was set out by a spark from engine No. 577. This fact was not controverted by the evidence, nor denied,"—and in another place, where the evidence under consideration was offered, recites that this "evidence was excluded by the court upon the ground that it being conceded in this case that, if the fire was caused by sparks from one of defendant's engines, it was caused by engine No. 577, such evidence as is offered would only be admissible if it could be shown that these engines were of a like kind, and had the same kind of a spark arrester, and were in the same condition that engine 577 was at the time of the fire." The .evidence upon this subject is not before us for consideration. This issue is concluded by these recitals, and this case must be considered and decided upon the recorded fact that engine No. 577 was the only one which could have set the fire of which the plaintiffs complain.

This brings us to the question whether or not after it was established that the only engine which could have set the fire was engine No. 577, and after its spark arrester, in the same condition as when the fire was set, and without holes punched in it, was in evidence, it was competent to introduce testimony that other engines of the defendant threw igniting sparks at other times and places, and that their engineers were in the habit of making holes in their spark arresters. In support of the position that this evidence should have been received, counsel cite a large number of cases which recite the remark of the supreme court in Railroad Co. v. Richardson, 91 U. S. 478, 23 L. Ed. 356, that "such evidence has, we think, been generally held admissible as tending to prove the possibility, and a consequent probability, that some locomotive caused the fire, and as tending to show a negligent habit of the officers and agents of the roailroad company." But we are not concerned in this case with the rule announced in the Richardson Case. That rule is that, where the engine which could have set the fire is unknown, it is competent to show, not that other engines of the defendant sometimes set fires, but that some of the engines of the defendant set such fires. The reason of this rule is that, when it is uncertain which engine caused the fire, evidence generally that the engines of the defendant set other fires before and after that which is the subject of the litigation has some tendency to prove that the latter fire was set by some unknown engine of the company, and that its servants are habitually negligent in caring for or operating their locomotives. There is plausibility in this theory, because, where the engine charged is unknown, it may be that this unknown engine was one of those which set fires at other places and times; and the fact that the engines of the defendant set out such fires becomes in this way testimony from which the jury may reasonably infer that the fire under consideration was set by some engine of the defendant. When, however, it is conceded or established beyond dispute, as in this case, that there was only one engine which could possibly have set the fire,

and its spark arrester is produced, without any holes punched in it, and proved to be in the same condition in which it was at the time of the fire, it is difficult to perceive how the testimony that other engines threw sparks, or that the engineers of the defendant were in the habit of punching holes in the spark arresters of engines, could have had any tendency to show that the fire in question was set out by the identified engine. The only question at issue was whether or not engine No. 577 set the fire. If the offer of counsel had been to show that some of the engines of the defendant set fires at other times and places, it might have formed the basis for a more plausible argument, because it might have been said that engine No. 577 might have been one of the engines which set fires at other times. This, however, was not their offer. Their proposal was to prove that other engines threw sparks sufficiently large and live to set fires. They did not offer to show that such engines were constructed in the same way or were in the same condition as the locomotive which alone could have set the fire. How this testimony could have had any tendency to lead a rational mind to the belief that engine No. 577 was the cause of this fire, passes our understanding. Neither the fact that other engines set fires, nor the fact that they threw sparks, nor the fact that their operators were in the habit of negligently constructing, repairing, or caring for them, had any logical or rational tendency to show that the engine here in question either set the fire, threw the sparks, or was negligently cared for or operated, because there was better and conclusive evidence upon all these questions,—the evidence of its actual construction and condition, and of the method in which it was actually operated at the time when the fire occurred. Nor was the testimony that it was the habit of the servants of the defendant to punch holes in the spark arresters more competent or persuasive. The spark arrester of engine No. 577, according to the recital of the bill of exceptions, was before the court in the same condition in which it existed when the fire was set, and no holes had been punched in it. In the presence of this evidence, proof of the habit of engineers to punch holes had no tendency to show that such holes were made in the spark arrester of this engine, because higher and better evidence had demonstrated the fact that no such holes had been made. The true rule upon this subject is that, in an action against a railway company for setting a fire by means of defects in the condition or operation of an engine, it is competent, where the engine that might have set the fire is unknown or unidentified, to introduce testimony that some of the defendant's engines set fires or threw igniting sparks at other times, within a few weeks, and at other places in the vicinity. Railroad Co. v. Richardson, 91 U. S. 454, 23 L. Ed. 356; Railroad Co. v. Gilbert, 52 Fed. 711, 3 C. C. A. 264, 10 U. S. App. 375; Railroad Co. v. Lewis, 2 C. C. A. 446, 51 Fed. 658, 664; Campbell v. Railroad Co., 121 Mo. 340, 351, 25 S. W. 936, 25 L. R. A. 175, 42 Am. St. Rep. 530; Piggot v. Railway Co., 3 Man. G. & S. 229; Webb v. Railroad Co., 49 N. Y. 420, 10 Am. Rep. 389; Sheldon v. Railroad Co., 14 N. Y. 218, 67 Am. Dec. 155; Cleaveland v. Railway Co., 42 Vt. 449; Railroad Co. v. McClelland, 42 Ill. 355, 358; Smith v. Railroad Co., 10 R. I. 22; Hoover v. Railway Co. (Mo.) 16 S. W. 480.

But where the engine which alone could have caused the fire is identified, and its spark arrester is produced, testimony that other engines of the defendant at other times and places set fires or threw igniting sparks is neither competent nor relevant to the issue, without proof that they were in the same condition and operated in the same way as was the engine charged when the fire occurred. Gibbons v. Railroad Co., 58 Wis. 335, 17 N. W. 132, 134; Boyce v. Railroad Co., 42 N. H. 97; Phelps v. Conant, 30 Vt. 277; Malton v. Nesbit, 1 Car. & P. 70; Hubbard v. Railroad Co., 39 Me. 506; Standish v. Washburn, 21 Pick. 237; Collins v. Inhabitants of Dorchester, 6 Cush. 306; Robinson v. Railroad Co., 7 Gray, 92; Jordan v. Osgood, 109 Mass. 457, 12 Am. Rep. 731; Smith v. Railroad Co., 37 Mo. 287; Coale v. Railroad Co., 60 Mo. 227, 233; Railroad Co. v. Doak, 52 Pa. 379, 91 Am. Dec. 166; Allard v. Railroad Co. (Wis.) 40 N. W. 685; Ireland v. Railroad Co. (Mich.) 44 N. W. 426; Railroad Co. v. Woodruff, 4 Md. 242, 59 Am. Dec. 72. The distinction between these two lines of authorities is plain upon principle, and is clearly marked in the opinions in the cases upon which counsel for the plaintiffs chiefly rely. In the case at bar and in the cases last cited the crucial issue is whether or not the identified engine set the fire, and the only competent evidence on that issue is the construction, condition, and operation of that engine, and of those similarly constructed, repaired, and operated. In the cases first cited this issue is not presented, but the crucial questions are whether any of the unidentified engines of the defendant set the fire, or, as in Matthews v. Railroad Co., 142 Mo. 645, 44 S. W. 802, whether or not a spark could be thrown as far as from the railroad to the site of the building burned. These issues do not arise in the case at bar, and for that reason the evidence competent in cases where they do arise is not relevant to the issue here. Thus, in Railroad Co. v. Richardson, 91 U. S. 454, 23 L. Ed. 356, the engine which caused the fire was unidentified. The evidence tended to show that it was one of two locomotive engines belonging to the railroad company, but there is nothing in the case to indicate either that these engines were pointed out so as to separate them from the other engines of the defendant, or that the condition or the method of operation of either of them was in any way shown. The only question in that case was whether the fire was set by some unknown engine of the defendant, or by a conflagration which the plaintiff maintained in the vicinity. In Railroad Co. v. Gilbert, 52 Fed. 711, 713, 3 C. C. A. 264, 265, 10 U. S. App. 375, 378, the court well said, after citing the authorities which sustain the rule that governs the case at bar:

"We must not, in the consideration of this question, lose sight of the issues involved. In the case at bar it was not admitted by the company that the fire was caused by sparks escaping from a particular engine, in which event the query would be as to the condition of that particular engine, and the mode in which it was handled."

In the case at bar it was conceded that, if the fire was set by any engine, it was set by engine No. 577. In Campbell v. Railway Co., 121 Mo. 340, 25 S. W. 936, the court says:

"If the issue had been of negligence in the construction and management of the engine only, and the engine which could only have caused the fire had

been clearly identified, evidence that other engines emitted sparks and set fires would have been inadmissible, under the decisions of this court. Coale v. Railroad Co., 60 Mo. 227; Patton v. Railroad Co., 87 Mo. 117, 56 Am. Rep. 446."

These are the cases upon which counsel for the plaintiffs seem to place their chief reliance. They do not sustain their contention, but concede the existence and reason of the rule that, where the engine charged with the injury is known, testimony of defects in the condition or negligence in the operation of other engines at other times and places is neither competent to prove, nor relevant to establish, the real issue in controversy. There was no error in the rejection of the testimony of this character, or of that relative to the habit of the engineers to punch holes in the spark arresters of the defendant. The evidence offered upon these subjects was properly excluded.

2. Complaint is made that the court charged the jury in this way:

"In order to entitle the plaintiffs to recover in this action, you must find from the evidence—First, that the fire which destroyed the cotton, for which the suit is instituted, was caused by the defendant railroad company; second, that it was caused through the negligence of the railroad company. Unless both of these facts are found in favor of the plaintiffs, they cannot recover in this action."

But in another part of the charge it told the jury:

"If you determine that the fire which destroyed the cotton of the Lesser Cotton Company was caused from sparks or cinders communicated from the defendant's engine, then the burden of proof is shifted upon the defendant, and it must overcome the presumption of negligence arising from this finding. It must show that there was no defect in the engine, that there was no negligence in the manner of its operation by its employés, and that they were skillful men. In other words, it must prove by a preponderance of evidence that there was no negligence, within the definition of the term as I have described it to you. It must show that it has used all reasonable and proper care, caution, diligence, and skill in the construction of the locomotive which caused the fire, and that at the time of the fire it was skillfully operated. That is all the railroad company would be required to do,— to use all due and reasonable care and caution in providing appliances for the prevention of the emission of sparks and cinders from the locomotive, and skill in the management of it by its operatives at the time."

All of the charge upon the burden of proof, and relative to the rules of law, challenged by this specification of error, must be read and construed together. When it is thus read it will be found to state the established rules of law relative to the subjects under consideration in that part of the charge assailed as favorably to the plaintiffs as controlling authorities will warrant. The burden of proof was upon the plaintiffs to establish the causal negligence of the defendant. When they proved, if they did, that the fire was caused by sparks emitted by the defendant's engine, that burden shifted to the defendant, and required it to establish by a fair preponderance of evidence that it had exercised reasonable care to provide the most effective mechanical contrivances in known practical use to prevent the burning of private property by the escape of fire from its engines. Rosen v. Railroad Co., 83 Fed. 300. 305, 27 C. C. A. 534, 539, 49 U. S. App. 647, 656; Railroad Co. v. Schultz, 93 Pa. 341, 344; Continental Trust Co. v. Toledo, St. L. & K. C. R. Co. (C. C.) 89 Fed. 637, 638; Thomas v. Railroad Co. (C. C.)

91 Fed. 206, 208; Railroad Co. v. Fox, 34 C. C. A. 497, 92 Fed. 494, 497; Fletcher v. Railroad Co., 168 U. S. 135, 18 Sup. Ct. 35, 42 L. Ed. 411; Bevier v. Canal Co., 13 Hun, 254; Collins v. Railroad Co., 5 Hun, 503, 506; Railroad Co. v. Larmon, 67 Ill. 68, 71. Those portions of the charge which have been quoted fairly gave these rules to the jury for their guidance, and no just exception to them can be sustained.

Another objection to the portion of the charge here challenged now urged is that the defendant was operating its engine and freight train on Sunday; that this act was in violation of the law of Arkansas, which forbids work of this character on that day (Sand. & H. Dig. § 1887); and that the defendant is consequently liable for the damages resulting from its violation of the law, without regard to the question of negligence. But under the record presented by the bill of exceptions this court has no power or jurisdiction to consider or determine this question in this case. It was not presented to the court below, and no ruling was made upon it in that court. Counsel for the plaintiffs presented to the court nine requests for instructions. They were all based upon the theory that the issue to be tried was whether or not the defendant was guilty of negligence in setting out the fire. They contained no request or suggestion that the court ought to instruct the jury that they were entitled to recover in the absence of negligence, because the defendant had violated the Sunday law. The portion of the charge now challenged was excepted to at the close of the trial, but the exception was general, and contained no statement that this excerpt was erroneous because the plaintiffs were entitled to recover on account of a violation of the Arkansas statute prohibiting labor on Sunday. Thus it appears that the issue of law here urged upon our consideration was not presented to, considered, or ruled by, the court below. It is not, therefore, here for our consideration, and we must decline to enter upon its discussion. In an action at law, this is a court for the correction of the errors of the court below, exclusively. Questions which were not presented to nor decided by that court are not open for review here, because the trial court cannot be guilty of any error in a ruling it has never made upon an issue to which its attention has never been called. Association v. Wilson, 100 Fed. 368, 373, 40 C. C. A. 411, 416; Railway Co. v. Henson, 58 Fed. 531, 532, 7 C. C. A. 349, 351, 19 U. S. App. 169, 171; Schneider Brewing Co. v. American Ice Mach. Co., 77 Fed. 138, 149, 23 C. C. A. 89, 100, 40 U. S. App. 382, 403; Board v. Sutliff, 97 Fed. 270, 38 C. C. A. 167; Railroad Co. v. Krohne, 29 C. C. A. 674, 86 Fed. 230, 235; Davis v. Town of Fulton, 52 Wis. 657, 9 N. W. 809.

In the portion of the argument addressed to the refusal of the court to give certain instructions requested, that portion of the charge of the court relative to the degree of diligence required of the railway company, which has been quoted, is assailed on the ground that the court should have instructed the jury that it was its duty to provide the best machinery in known practical use to prevent the emission of sparks, and not simply to exercise reason-

able care to make this provision. As the quotation assailed has been recited, it will be more convenient to treat this objection here. The railway company had a charter from the state, and a vested right to operate its railroad by the use of steam produced by fire. On the other hand, the owner of buildings and property along the line of its railroad had a right to construct and maintain them. The action against the railroad company for damages for destroying them is not based upon any contract of insurance. It arises out of a breach of a legal duty. That duty is not to insure the property of the plaintiff, nor is it to insure the safety or the perfection of the devices and appliances which it adopts to prevent fires. The limit of that duty is the exercise of ordinary and reasonable care to avail itself of the best mechanical contrivances in known practical use for the purpose. The essence of this action for damages is the breach of this duty. Negligence in the discharge of it is the basis of the cause of action, and the true rule is that, where the defendant has exercised reasonable care to provide the most effective machinery in known practical use to prevent the burning of private property, it has fully discharged its duty in that regard. Rosen v. Railroad Co., 83 Fed. 300, 304, 305, 27 C. C. A. 534, 539, 49 U. S. App. 647, 656, and cases cited supra. If there was any error in the charge of the court below upon this subject, it was not against the plaintiffs. While the court charged that the railway company must exercise reasonable care and diligence in this regard, it also charged that:

"It must have the apparatus complete, as far as the appliances used for the prevention of the escape of sparks and cinders from its smokestacks are concerned. * * * Everything, as I have stated to you before, must be properly constructed, and the appliances must be the best in known practical use, and perfect in form."

This portion of the charge is subject to the criticism that it does not limit, as it should, the duty of the railway company to the exercise of reasonable care to provide the most effective appliances in known practical use, but places upon it the absolute duty to attain perfection in this regard,—a duty which the law does not impose. This, however, is an error of which the plaintiffs do not and cannot complain.

The theory on which the plaintiffs tried this case was that the sparks from the defendant's engine set a fire on the roof of the barn, and the theory on which the defendant tried it was that tramps or smokers or a camp fire set fire to hay inside the barn. This barn was about 10 feet high. The roadbed was elevated so that the roof of the barn was about on a level with the track. The walls of the barn were constructed of 12-inch perpendicular boards, with cracks between them about an inch wide; and there was hay on the floor of the barn, on the side toward the railroad, in a pen about 25 feet from the north end. The court charged the jury: That the plaintiffs had introduced evidence tending to show various facts, indicating that the fire was first discovered on the top of the roof; that it burned a hole through the roof; and that the sparks dropped into the hay from that point. That the defendant, on the other hand, had introduced evidence to the effect that the fire was set in the hay inside the barn, either by

a camp fire in the yard or by smokers; that the engine was so constructed that it could not have set the fire. And that it was for the jury to determine from all the evidence whether the fire was caused by sparks from the defendant's locomotive, or from some other cause. It then added, "Of course, if the fire started inside the barn, it would have been impossible for it to have been caused by sparks emitted from the defendant's locomotive." This statement is assigned as error, because there was evidence of the cracks in the side of the barn, through which sparks from the engine might have flown into the hay, and thus have set the fire within the barn. But all the questions of fact, including this one, were submitted to the jury by the charge. The declaration of the court here challenged was nothing more than its expression of opinion upon a question of fact which the jury was permitted to determine. No rule of law was incorrectly stated, or stated at all, in this portion of the instructions. And the opinion of the trial court upon matters of fact which are ultimately submitted to the jury is not reviewable on error, so long as no rule of law is incorrectly stated therein. Lovejoy v. U. S., 128 U. S. 171, 173, 9 Sup. Ct. 57, 32 L. Ed. 389; Rucker v. Wheeler, 127 U. S. 85, 93, 8 Sup. Ct. 1142, 32 L. Ed. 102; Railroad Co. v. Putnam, 118 U. S. 545, 553, 7 Sup. Ct. 1, 30 L. Ed. 257; Railroad Co. v. Vickers, 122 U. S. 360, 7 Sup. Ct. 1216, 30 L. Ed. 1161; United States v. Philadelphia & R. R. Co., 123 U. S. 113, 114, 8 Sup. Ct. 77, 31 L. Ed. 138.

There is another reason why this judgment ought not to be reversed upon this specification of error. It is that this objection rests upon a different theory from that upon which the plaintiffs evidently tried their case. The court charged the jury that their evidence tended to show that the fire was set on the roof of the barn, and that the defendant's evidence tended to show that it was set inside the barn. No exception was taken to this portion of the charge. That part of the evidence which appears in the bill of exceptions sustains it. In this way it becomes plain that at the trial one of the main issues between the parties, if not the crucial issue, was whether the fire was set on the outside or in the inside of the barn. It is evident that both parties tried the case on the theory that, if the fire was set on the roof of the barn, the defendant might be liable for it, while, if it was set within the barn, it was exempt from responsibility. The court charged the jury in accordance with this theory, and it undoubtedly made the remark that, if the fire started inside the barn, it could not have been set by sparks from the locomotive, because it was imbued with the contentions of the parties that the defendant was liable for the fire if set on the outside, and that it was not responsible for the fire if set on the inside of the barn. It is too late for the plaintiffs, after the trial of the case upon this theory, to challenge in the appellate court the ground upon which they sought a recovery, and to insist that the defendant was liable for a fire set within the barn, because in the trial of the real issue which they presented some testimony crept into the record, upon which they asked no instruction, and to which they do not seem to have called the attention of the court at the trial, which might have warranted a recovery on account of a fire set within the barn. One may not try a case upon one theory, and then reverse the

judgment against him in the appellate court upon another and inconsistent theory, which was not presented, urged, or tried in the court below.　Insurance Co. v. Frederick, 58 Fed. 144, 149, 7 C. C. A. 122, 127, 128, 19 U. S. App. 24, 34; Walker v. Collins, 59 Fed. 70, 72, 8 C. C. A. 1, 3, 4, 19 U. S. App. 307, 311, 312; Speer v. Board, 32 C. C. A. 101, 88 Fed. 749, 753; Burbank v. Bigelow, 154 U. S. 558, 14 Sup. Ct. 1163, 19 L. Ed. 51; Railroad Co. v. Estill, 147 U. S. 591, 13 Sup. Ct. 444, 37 L. Ed. 292; Horne v. George H. Hammond Co., 18 C. C. A. 54, 71 Fed. 314.

Complaint is also made of these portions of the charge:

"There was also evidence introduced tending to show that young man Best, who was in charge of the stable, smoked a cigar, which is claimed to have been thrown away by him carelessly, and caused the fire which burned the stable, and afterwards the cotton. * * * There was also evidence tending to show that a young man by the name of Davidson spent the night with young man Best at the stable, and that he smoked cigarettes there, which might have caused the fire."

There was testimony that Best smoked a cigar, and that Davidson smoked cigarettes.　But it is claimed that these portions of the charge were erroneous, because that testimony was insufficient to warrant the conclusion that the fire could have resulted from these acts.　The question of law, whether or not this testimony was sufficient to warrant a finding that the fire was set by the cigar or cigarettes, was not presented to the court below by any request to withdraw this testimony from the jury.　Consequently it is not here for our consideration.　The portions of the charge of the court excepted to are mere statements of fact, which are not reviewable in this court, for the reasons which have already been stated.

There is another reason why these portions of the charge cannot be considered in this case, and that is that the bill of exceptions does not show that all the testimony relative to the smoking of the cigars and cigarettes is presented in the record.　The legal presumption is that there was evidence sufficient to warrant the submission of the questions which the court presented to the jury.　The only way the plaintiffs could have overcome this presumption was to present all the evidence relating to this matter, with a certificate of the judge below to the effect that the bill of exceptions contained all the testimony upon this subject.　This they have not done, and consequently they have failed to overcome the presumption that the charge of the court was right.　U. S. v. Patrick, 73 Fed. 800, 806, 20 C. C. A. 11, 17, 36 U. S. App. 645, 656; Railroad Co. v. Price, 97 Fed. 423, 434, 38 C. C. A. 239, 250.

3. It is assigned as error that the court refused to charge that when the wind blew in a dry time in such a way as to carry sparks emitted from a smokestack away from the railroad, toward an inflammable building, greater diligence was required of the railway company than would be required on ordinary occasions.　The statement contained in this request is the truth, and there would have been no error in stating it to the jury.　Railroad Co. v. Richardson, 91 U. S. 454, 470, 23 L. Ed. 356; Railway Co. v. Kellogg, 94 U. S. 469, 472, 24 L. Ed. 256.　But it was not reversible error to

refuse to submit it. Instructions to the jury are for the purpose of informing them upon subjects with which they are not perfectly familiar. No rational man is ignorant of the fact that greater care is required in handling fire on a windy day, in the presence of inflammable material, than in a quiet time, in a moist place, or on ordinary occasions. The court charged the jury that they might, in their discretion, allow interest upon the amount paid by the insurance companies for this loss if they found in their favor. It would not have been error for the judge to have submitted to them the multiplication table, to enable them to compute this interest. Nor would it have been error to refuse to submit that table, because the legal presumption is that the jury was not ignorant of it. The court instructed the jury that it was the duty of the railway company to exercise reasonable care in the operation of its railroad and engines. The legal presumption was that every juror knew that it was reasonable to use more care in a dry time, in the presence of inflammable materials, than on ordinary occasions. This fact was a part of the common knowledge and experience of mankind, and it is not error to refuse to insert in a charge to a jury truisms which are a part of the common knowledge and experience of all men who have arrived at years of discretion.

Complaint is also made of the refusal to charge that where an engine emits sparks of a large and unusual size, or where sparks are thrown to a great height or far from the track, it may be inferred that the engine is not provided with a proper spark arrester. There was, however, no error in the refusal to give this instruction, because it was fairly covered by the general charge. There was evidence in the case that sparks escaped from this engine of sufficient size and life to ignite the barn. There was testimony that, if the spark arrester was in proper condition, no such sparks could have escaped. There was testimony that it was in this condition on the night of the fire. The court stated the tendency of all this evidence to the jury, and then told them that it was a question for them to determine whether or not sparks escaped from this engine, which set the barn on fire. The logical and inevitable conclusion which every judge who has read, and every juror who heard, this charge, must have reached, is that the emission of sparks of a large and unusual size from the engine warranted the inference that it was not provided with a proper spark arrester. Where a rule of law stated in a requested instruction is fairly submitted to the jury in the general charge, it is not error to refuse to repeat it in the very words of counsel's request, and there was no error in refusing to submit this instruction.

The fifth, sixth, seventh, and eighth specifications of error challenge the refusal of the court to give requests of the plaintiffs relative to the burden of proof, and the care required of the defendant in providing and using appliances to prevent fire. This opinion already discloses the fact that the general charge of the court carefully treated all these subjects. The plaintiffs' complaint is that this charge does not clearly state (1) that, if the jury found that the fire was set by the railway company, the burden of proof shifted

upon the defendant; (2) that the defendant was absolutely bound to provide the best preventive appliances; and (3) that the engine must have been in suitable order and repair at the time of the fire. The first two grounds of objection to this charge have already been considered and overruled. The third is equally untenable. When the entire charge is carefully read, it is plain that no juror could have misunderstood that it was the condition of the engine at the time of the fire, and at no other time, that was involved in this trial. There was therefore no error in the refusal to submit to the jury the requests of counsel upon these subjects, because the proper rules of law upon them were delivered to them in the general charge.

The consideration and discussion of the numerous questions presented in this case have now been concluded. The result is that there was no reversible error in the exclusion of evidence, in the charge of the court, or in its refusal to submit to the jury the various requests for instructions which the plaintiffs presented; but the real issue in the case—the issue of fact, whether or not this destructive fire was the consequence of the negligence of the defendant, or of some other cause—was fairly tried by the jury, under correct and impartial rulings of the court, and was found in favor of the defendant. The judgment which is based upon this finding must accordingly be affirmed, and it is so ordered.