HATCHER v. NORTHWESTERN NAT. INS. CO. OF MILWAUKEE, WIS.

(Circuit Court of Appeals, Eighth Circuit.   October 19, 1910.)

No. 3,282.

1. APPEAL AND ERROR (§ 171.*)—PRESENTATION IN LOWER COURT OF GROUNDS OF REVIEW—ISSUES AND THEORY OF CAUSE.

In the federal courts, in actions at law, only questions presented to and determined by the trial court will be reviewed by an appellate court; and when a cause is tried upon an issue or theory presented by one of the parties in the trial court, that party will not be permitted in the appellate court to present a different issue or theory for its consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1055; Dec. Dig. § 171.*]

---

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. APPEAL AND ERROR (§ 270\*)—EXCEPTIONS—NECESSITY—RULING SUSTAINING MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT.**

Where no exception was taken to the ruling of a federal court sustaining a motion for judgment notwithstanding the verdict, the grounds of such ruling are not reviewable in an appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1609; Dec. Dig. § 270.\*]

In Error to the Circuit Court of the United States for the District of North Dakota.

Action by the Northwestern National Insurance Company of Milwaukee, Wis., against R. E. Hatcher. Judgment for plaintiff, and defendant brings error. Affirmed.

John A. Sorley (A. W. Fowler, on the brief), for plaintiff in error. Charles F. Fawsett, for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and REED, District Judge.

REED, District Judge. The Northwestern National Insurance Company of Milwaukee, a Wisconsin corporation, which will be called the plaintiff, sued R. E. Hatcher the plaintiff in error, who will be called the defendant, to recover of him damages for issuing, as agent of the plaintiff, its policy of insurance upon an alleged prohibited risk. There was a judgment for the plaintiff, and the defendant brings error.

The petition alleges, in substance: That on January 15, 1907, the defendant was plaintiff's agent at Fargo, N. D., duly authorized to issue its policies, under its rules and the instructions given to him by plaintiff, insuring real and personal property against loss or damage by fire. That on that date the defendant issued the plaintiff's policy insuring the Bristol & Sweet Company in the sum of $2,500 for one year against loss or damage by fire on their "stock in trade, consisting principally of harness, saddlery hardware, whips," and other specified articles of personal property while contained in a two-story brick building in the city of Fargo, N. D. That the policy contained a provision indorsed thereon as follows:

"Permission is hereby given assured to manufacture horse collars (by hand) in building herein described."

That Bristol & Sweet Company were then engaged in manufacturing by hand horse collars in said building, and plaintiff had instructed defendant by written and printed instructions not to write any insurance or issue any policy on its behalf upon any property or building in which horse collars were manufactured; that such a risk was an absolutely prohibited risk by this plaintiff, which was well known and understood by defendant. That defendant, in direct violation of such instructions, willfully disregarded his duty as agent of the plaintiff, and wrongfully issued and delivered said policy to the assured as aforesaid. That said property was destroyed by fire on January 16, 1907, and before plaintiff knew of the issuance of its policy. That afterwards it was obliged to and did adjust and pay said loss to the

assured; and it asks judgment against the defendant for the amount so paid.

The defendant answered, admitting that he was agent of plaintiff, and issued its policy to the Bristol & Sweet Company January 15, 1907, and that the property was destroyed by fire on January 16th, as alleged. He further answered that said policy was issued upon the condition, indorsed thereon, that the assured was permitted to manufacture horse collars by hand only in a portion of the building covered by said policy, and alleged that when said policy was issued, and at the time of the fire, the assured was making horse collars in said building by machinery, which increased the hazard, and by the express terms of the policy rendered the same void; that all of said facts were well known to the plaintiff at the time said loss was adjusted and paid by it; that plaintiff, in so paying said loss, assumed an obligation not included within the terms of the policy, without the knowledge or consent of this defendant; that, notwithstanding the fact that horse collars were made in said building, defendant denies that the premises or any part thereof was a "horse collar," or "horse collar and blanket, factory."

Upon the issues so joined the cause was tried to a jury, which returned a verdict in favor of the defendant. The plaintiff thereupon moved that the verdict be set aside, and that judgment be rendered in its favor notwithstanding such verdict—a practice permitted by a statute of North Dakota. The court set aside the verdict and rendered judgment for the plaintiff for the amount paid by it in settlement of the loss. Defendant thereupon sued out this writ of error, and assigns as error:

"(1) That the court erred in setting aside the verdict, and in rendering judgment in favor of the plaintiff notwithstanding the verdict. (2) The court erred in granting plaintiff's motion to set aside the verdict and rendering judgment in its favor. (3) The court erred in rendering judgment in favor of the plaintiff."

The granting or refusal to grant a motion for new trial is not, in the federal courts, a sufficient basis for a writ of error. Railway Co. v. Heck, 102 U. S. 120, 26 L. Ed. 58. The only question, therefore, presented by the assignment of errors, is: Did the court err in rendering judgment in favor of the plaintiff notwithstanding the verdict? The defendant contends in argument that the judgment was rendered against him upon the ground that the property insured was a forbidden risk, upon which he was not authorized to issue a policy for the plaintiff, when in fact the property insured was personal property, and not within the prohibited class, and that he was authorized to issue the policy thereon. No such question was presented to or determined by the trial court, nor was any exception taken to the ruling of the court granting plaintiff's motion for judgment notwithstanding the verdict, and this question is presented for the first time in this court. The rule is firmly settled in the national courts that in actions at law only questions presented to and determined by the trial court will be reviewed by an appellate court; for the trial court cannot rightly be held to have erred in a ruling it never made, upon a question not in

issue, or to which its attention was never called. Railway Co. v. Heck, 102 U. S. 120, 26 L. Ed. 58; Railway Co. v. Henson, 7 C. C. A. 349, 58 Fed. 531; Lesser Cotton Co. v. St. Louis, I. M. & S. Ry. Co., 52 C. C. A. 95, 114 Fed. 133–140. And when a cause is tried upon an issue or theory presented by one of the parties in the trial court, that party will not be permitted in the appellate court to present a different issue or theory for its consideration. Marine Bank v. Fulton Bank, 2 Wall. 252, 17 L. Ed. 785; Lesser Cotton Co. v. St. Louis, I. M. & S. Ry. Co., 114 Fed. 133, 52 C. C. A. 95–102.

Included within the prohibited risks upon which the defendant was forbidden to issue a policy for the plaintiff is the following: "Horse collar and blanket factories." This, unexplained, would seem to be only the factory or place where "horse collars and blankets" are made, and would not include the collars and blankets themselves when made. The property described in the policy as insured is a "stock in trade consisting of harness, saddlery hardware," and other specified articles of personal property, in which no reference is made to horse collars; the only reference to them being that indorsed upon the policy which is as follows:

"Permission is granted to manufacture horse collars (by hand) in the building herein described"—viz., the building in which the stock was situated.

The building itself was not covered by the policy. Upon the trial, the defendant contended that the words "horse collar and blanket factories," included in the prohibited risk, had a technical and well-understood meaning in the insurance trade, and did not include the business in which the Bristol & Sweet Company was engaged, and offered the testimony of a number of insurance men acquainted with the meaning of such terms in support of this defense, which was admitted over the objections of the plaintiff. The court, however, upon plaintiff's motion for judgment notwithstanding the verdict, held that this testimony was insufficient to alter or change the plain terms of the policy, and rendered judgment for the plaintiff for the amount of the loss paid by it with interest. Whether or not the court was right in so holding we need not determine, for its ruling was in no manner challenged, and no exceptions were taken to it by the defendant. C., B. & Q. Ry. Co. v. Frye-Bruhn Co. (decided at this term) 184 Fed. 15.

There is no ground, therefore, upon which the writ of error can be sustained; and the judgment of the Circuit Court must be, and is, affirmed.

NOTE.—The following is the opinion of Amidon, District Judge, in the court below:

AMIDON, District Judge. This cause came on to be heard upon the alternative motion of the plaintiff either for a new trial or for a judgment in its favor notwithstanding the verdict returned in favor of the defendant. The cause has been twice tried in this court. The first trial was before Judge Munger. He then excluded all parol evidence offered by the defendant tending to show that the term "collar factory," contained in the plaintiff's prohibited list, had a different meaning in the insurance business from what the words fairly import upon their face, and directed a verdict in favor of the plaintiff. Upon a motion for a new trial, Judge Munger reached the con-

clusion that such evidence was competent, and set aside the verdict. The second trial was had before me. The defendant was given a full opportunity to present his defense, based upon the alleged trade significance of the term "collar factory." There is grave doubt as to whether the greater part of the evidence offered is admissible, the witnesses being asked to state whether the collar factory maintained by Bristol & Sweet was a collar factory within the meaning of the term as used in the prohibited list. I waive this objection, however, and treat the evidence as properly before the court; and, giving to it the full weight to which it is entitled, I am of the opinion that it wholly failed to establish the defense in support of which it was offered.

1. The evidence fails to attain the probative force and directness required to modify the plain and ordinary meaning of a written instrument by parol testimony. The evidence rests wholly on opinions, and those opinions rest upon no concrete experience in the insurance business, touching the question involved. To give such opinions weight as evidence, the source of the opinions should be disclosed, and as a rule the opinions must rest upon the actual transaction of business in the trade. If that is not shown, the ground of the opinion resting in the statement of those in the course of business familiar with the meaning of the term should be given.

2. The interpretation of the term "collar factory," given by these alleged experts, is so at variance with the natural and probable meaning of the term, when we consider the insurance business, as to make the evidence wholly untrustworthy. There are some risks so great that all insurance companies refuse to insure them. Other companies have what is known in the trade as a prohibited list, being risks which their agents having power to issue policies are expressly prohibited to insure. In the case of the plaintiff company, collar factories were embraced in the prohibited risks. Some of defendant's experts stated, while under examination, that if the collar factory maintained by Bristol & Sweet had existed in a separate building, or had constituted the major part of the business carried on in a building, that it would have fallen within the meaning of the term as used in the prohibited list. No attempt was made to show why that factory, when immediately associated with other property under the same roof, would not likewise fall within the prohibited list. The risk was prohibited because it was dangerous. It was equally dangerous, whether it constituted a minor or a major part of the business. It was conceded by all that such a factory, though constituting a minor part of the businesses, would fix the premium for all of the insurance upon the property embraced in the establishment. The danger of fire in a collar factory is in no way affected by the fact that it constitutes a subordinate part of a large establishment. It is the kind of business, and the inflammable property, such as straw, which it is necessary to use in carrying it on, that caused the plaintiff to prohibit its agents from insuring such risks. No reason is given by defendant's witnesses why the fact that a collar factory is a subordinate part of a business enterprise should make it cease to be a collar factory, when the same establishment would be a collar factory if it constituted the whole or the greater part of the business enterprise.

Upon both trials all the other defenses have failed, and I think this defense likewise fails upon a fair consideration of the evidence. Under the statute of this state, the court is permitted to enter judgment in favor of the party who is entitled to the judgment as a matter of law. Acting upon that statute, and upon a consideration of the evidence in this case:

It is ordered that the judgment entered herein in favor of the defendant on the 2d day of December, 1908, pursuant to the verdict, be and the same is hereby vacated and set aside.

It is further ordered that judgment be entered herein in favor of the plaintiff and against the defendant, notwithstanding the verdict, for the sum of $2,381.88, being the amount claimed in the complaint, with interest thereon at the rate of 7 per cent. per annum, from and since the 9th day of February, 1907, together with the costs of this action, to be taxed by the clerk, making the total sum of $———.