CHICAGO, R. I. & P. RY. CO. v. BALDWIN.

(Circuit Court of Appeals, Eighth Circuit. April 25, 1913.)

No. 3,853.

*(Syllabus by the Court.)*

TRIAL (§ 260*)—CHARGE—REQUESTS—FAILURE TO REPEAT IN WORDS OF COUNSEL.

When the court fairly states a rule of law in its general charge to the jury for their guidance, it is not error for it to refuse to repeat it in the words of counsel.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

In Error to the District Court of the United States for the District of Nebraska; William H. Munger, Judge.

Action by Jane Baldwin, administratrix of Henry D. Baldwin, against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William D. McHugh and W. H. Herdman, both of Omaha, Neb., for plaintiff in error.

William J. Connell, of Omaha, Neb., for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER, District Judge.

SANBORN, Circuit Judge. Henry D. Baldwin was an employé of the Union Pacific Railroad Company, engaged in the repair of its bridge over the Missouri river at Omaha, and the Chicago, Rock Island & Pacific Railway Company, the defendant, was operating its trains between Chicago and Denver over the rails of the Union Pacific Company upon this bridge on June 4, 1906. Baldwin was walking west on the bridge on or between the railroad tracks when one of the defendant's trains going west knocked him from the bridge and killed him. Jane Baldwin, the administratrix of his estate, brought this action against the defendant, and alleged that Mr. Baldwin's death

was caused by the negligence of the defendant, in that, among other things, it ran the train which killed him over the bridge at an excessive, unreasonable, and dangerous rate of speed. At the time of the accident the contributory negligence of Mr. Baldwin was a complete defense to the action, and the defendant pleaded that it was free from all negligence, and that the accident was caused by the contributory negligence of Mr. Baldwin. There was a trial, and a verdict for the plaintiff.

The railroad company now complains because the court did not instruct the jury, as it requested, that no reliance on the exercise of care by the persons in control of the movement of the trains or engines across the bridge would excuse any lack of the exercise of reasonable care on his part to perceive approaching engines and trains, and to protect himself from injury from them by removing himself from the rails and placing himself beyond the reach of the trains. But the court in its general charge instructed the jury that in its opinion the negligence of the railroad company was established by the evidence, but that if Mr. Baldwin was guilty of negligence which contributed to his injury the plaintiff could not recover; that—

"it was his duty to use ordinary care to protect himself from these trains, and in the exercise of that care—that is, in the exercise of ordinary care—to be so alert and watchful that trains in plain view for say a mile, or half a mile, which he could escape by looking behind him in the exercise of ordinary care and then by moving with reasonable quickness from the track, should not strike him. * * * If Mr. Baldwin did not look to the east to see if there was a train approaching, and he could have seen the train approaching if he had looked, in time to have stepped out, in the exercise of ordinary care, onto these floor beams, that would be contributory negligence."

This was an instruction in concrete terms applicable to the facts of the case on trial, in terms more effective than the mere abstract statement of the rule, that no reliance by Mr. Baldwin on the care of the operators of the train could excuse his lack of reasonable care to watch for the coming trains and to protect himself from them. If Mr. Baldwin's reliance upon the care of such operators would have excused his lack of care, then his lack of reasonable care would not have been fatal to the plaintiff's right of action. But the court charged that it was. The case falls under the rule that, where the court fairly states a rule of law in its general charge to the jury for their guidance, it is not error for it to refuse to repeat it in the words of counsel. Lesser Cotton Co. v. St. Louis, I. M. & S. Ry. Co., 114 Fed. 133, 144, 52 C. C. A. 95, 106; Southern Pacific Co. v. Schoer, 114 Fed. 466, 473, 52 C. C. A. 268, 275; Telegraph Co. v. Morris, 105 Fed. 49, 53, 44 C. C. A. 350, 354; Union Pac. R. R. Co. v. Jarvi, 53 Fed. 65, 3 C. C. A. 433.

No other complaint of the trial of this case is made, and the judgment below is affirmed.