## MISSOURI, K. & T. RY. CO. v. SMITH.

(Circuit Court of Appeals, Eighth Circuit. March 25, 1907.)

No. 2,384.

1. APPEAL—RECORD—MOTION FOR NEW TRIAL—COURT RULES.

Where rulings and instructions objected to, with exceptions thereto, were particularly set out and asserted to be erroneous in the assignments of error contained in appellant's brief, as required by Court of Appeals Rule 10, par. 3 (Ind. T. Ann. St. 1899, p. 937), and at the time the motion for a new trial was presented and ruled on, rule 3, declaring that exceptions shown in the record would be considered on appeal, irrespective of whether the ruling or action of the court was specifically set out in the motion for a new trial, if it was properly set out in the assignments of error, appellant was entitled to a consideration of such rulings, notwithstanding the subsequent amendment of rule 3, requiring the objections to be specifically set out in a motion for a new trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1743, 1744.]

2. CARRIERS—PASSENGERS—EJECTION.

In the absence of a regulatory statute, when a passenger refuses or fails to produce evidence of his right to transportation or pay the lawful fare after demand and being accorded a reasonable time for compliance, he forfeits his rights as a passenger, and subjects himself to ejection from the train.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1416. 1417, 1421.]

3. SAME—TENDER OF FARE BY THIRD PERSON.

Tender of fare by a third person, with the passenger's consent, is effective, or otherwise, to prevent a rightful ejection in the same manner as if the tender had been made by the passenger himself.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1437.]

4. SAME—RECANTING—TENDERING COMPLIANCE.

Where a passenger willfully refused to establish his right to transportation or pay fare, his ejection from the train was not rendered wrongful because of a tender of his fare by a third person, with the passenger's consent, after the process of ejection had begun.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1435.]

5. SAME—DAMAGES—INSTRUCTIONS.

Plaintiff, a passenger on defendant's train, refused to establish his right to transportation or pay fare, and during the process of ejection a third person, with plaintiff's consent, tendered plaintiff's fare to the next station which was not plaintiff's destination. *Held* that, if the ejection was wrongful, plaintiff was only entitled to recover damages for loss of time and inconvenience in reaching the station to which his fare was tendered, and that an instruction authorizing a recovery for inconvenience in being compelled to reach his "destination" by other means was erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1483. 1485.]

In Error to the United States Court of Appeals in the Indian Territory.

See 89 S. W. 668.

Clifford L. Jackson, for plaintiff in error.

Preston S. Davis and William P. Thompson (Dennis H. Wilson, on the brief), for defendant in error.

Before VAN DEVANTER and ADAMS, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This was an action against a railroad company for the wrongful ejection of a passenger from one of its trains. Briefly stated, the case presented by the evidence was this: The plaintiff, while riding upon a north-bound passenger train of the defendant, was ejected therefrom, between the stations of Choteau and Pryor Creek, upon his failure to produce a ticket, or other evidence of a right to transportation, or to pay his fare, when requested to do so by the conductor. He had entered the train at Choteau, or at Eufaula, a more southerly station, and his destination was Adair, a station north of Prior Creek. He had no ticket or other evidence of a right to transportation, and was not intending or prepared to pay his fare. After the process of ejection had begun, and before its completion, a third person volunteered, with the plaintiff's assent, to pay his fare from the point at which he had entered the train to Pryor Creek. The conductor rejected this offer, saying, in

152 F.—39

substance, that he had given the signal for the train to stop, which it was then doing, and that the plaintiff was an impostor and had been put off several times before. There was conflicting evidence from which either of two conclusions could be reasonably drawn: One, that the plaintiff entered the train under the mistaken but honest belief, engendered by matters which need not be recited, that he could properly, and would be, carried to his destination, notwithstanding he was without a ticket or other evidence of a right to transportation and was not intending or prepared to pay his fare; and the other, that he was attempting fraudulently to secure transportation and to evade paying therefor, when he knew that he was not otherwise entitled thereto. In the course of the trial specific exceptions were reserved by the defendant to rulings of the court in the admission and rejection of evidence and to portions of the charge to the jury. A verdict was returned for the plaintiff, and the judgment entered thereon was subsequently affirmed upon the defendant's appeal to the Court of Appeals of the Indian Territory. 89 S. W. 668. The case was then brought to this court upon a writ of error.

Upon the ground that they had not been set out with sufficient detail or precision in the motion for a new trial in the trial court, the Court of Appeals declined to consider some of the rulings and instructions to which exceptions were reserved, as before stated. In this we think there was error. When the motion for a new trial was presented and ruled upon, and when the appeal was perfected, rule 3 of the Court of Appeals provided:

"And this court will consider any and every ruling or action of any of the district courts of this territory to which objection or exception was made or taken at the time of the trial, as the same is shown in the record in any given cause, irrespective of the fact whether such ruling or action of the court be set out especially in the motion for a new trial or not, provided that such ruling or action be set out in the assignment of errors, as required in paragraph 3 of rule 10." Ind. T. Ann. St. 1899, p. 937.

The rulings and instructions before named, with the exceptions thereto, were shown in the record by a proper bill of exceptions and were particularly and separately set out and asserted to be erroneous in the assignment of errors contained in the appellant's brief, as required by paragraph 3 of rule 10. True, after the appeal was perfected, rule 3 was changed in respect of the manner in which errors claimed to have been committed at the trial should be specified in the motion for a new trial; but this change, whatever may be its prospective operation, did not and could not affect cases in which it was not possible to comply therewith by reason of their having theretofore passed beyond the stage of a motion for a new trial. This case was in that situation, and the Court of Appeals should have considered and disposed of it in conformity with the original rule.

Two of the instructions to which exceptions were reserved were treated by the Court of Appeals as properly presented for its consideration, and it was held that neither gave cause for reversal. One of these was as follows:

"The court instructs the jury that if they find from the evidence that, before the train was stopped, some other person or persons offered to pay the

fare of the plaintiff due to defendant, to the conductor in charge of the train of the defendant company, that said fare so offered cannot be refused, no matter who makes it, and you should find for the plaintiff and against the defendant."

In the absence of a regulatory statute—and there is none here—when a passenger refuses or fails to produce evidence of his right to transportation or to pay the lawful fare, after due demand therefor, and after being accorded reasonable time and opportunity for compliance, he forfeits the rights of a passenger, and subjects himself to ejection from the train. And while there is some contrariety of opinion respecting the effect of a subsequent tender of compliance, the better and prevailing rule is that, when the refusal is willful, persistent, or capricious, or proceeds from a fraudulent purpose to evade paying for transportation to which he knows he is not otherwise entitled, the passenger cannot, by recanting and tendering compliance, after the process of ejection has begun, entitle himself to transportation and render the completion of the ejection wrongful. State v. Campbell, 32 N. J. Law, 309; Railroad Co. v. Skillman, 39 Ohio St. 444; Pease v. Railway Co., 101 N. Y. 367, 5 N. E. 37, 54 Am. St. Rep. 699; Clark v. Railroad Co., 91 N. C. 506, 49 Am. Rep. 647; Railroad Co. v. Asmore, 88 Ga. 529, 15 S. E. 13, 16 L. R. A. 53; Railroad Co. v. Garrett, 8 Lea (Tenn.) 438, 41 Am. Rep. 640; Railroad Co. v. Harris, 9 Lea (Tenn.) 180, 42 Am. Rep. 668; Garrison v. Railway Co., 97 Md. 347, 55 Atl. 371, 99 Am. St. Rep. 452; Harrison v. Fink (C. C.) 42 Fed. 787; 2 Hutchinson on Carriers (3d Ed.) § 1085; 4 Elliott on Railroads, § 1637. When the tender is made by a third person, with the passenger's assent, it will be effective, or otherwise, in like manner as if made by him. Railroad Co. v. Garrett, 8 Lea (Tenn.) 438, 445, 41 Am. Rep. 640.

Tested by these rules, the instruction not only did not contain a correct statement of the law, but, when applied to the case made by the evidence, as before recited, was calculated to operate prejudicially to the defendant, because it erroneously gave the jury to understand that, even though the plaintiff's refusal or failure to comply with the conductor's lawful demand proceeded from a fraudulent purpose to evade paying for transportation to which he knew he was not otherwise entitled, a subsequent offer by a third person to pay his fare, made after the process of ejection had begun and before the train was brought to a stop, would entitle him to transportation, and would render the completion of the ejection wrongful.

The other instruction related to the measure of damages, and was as follows:

"The elements that go to make up the damages which the jury is to consider in this case, and which the plaintiff may be entitled to receive, are: Loss of time, humiliation in being put off of the train of the defendant company, and the inconvenience of being compelled to reach his destination by other means, together with any suffering of mind and of body that he was compelled to undergo by reason thereof, and any and all damages sustained by him as the direct and natural consequence of the fault of the said defendant company, in the event that you find from the evidence that the plaintiff was wrongfully and unlawfully evicted from the train."

As before stated, the plaintiff's destination was Adair, but in no permissible view of the evidence was he entitled to transportation to that place. The tender which was made in his behalf did not include the fair to Adair, but only that to Pryor Creek, the next station beyond the point where he was ejected. So, if the ejection was wrongful, he was entitled to damages for loss of time and inconvenience in reaching Pryor Creek by other means, but not in reaching Adair, his destination.

As there was prejudicial error in each of these instructions, the judgment of the Court of Appeals and that of the trial court are reversed, and the case is remanded to the trial court, with a direction to grant a new trial.