MISSOURI, K. & T. RY. CO. v. WILHOIT.

(Circuit Court of Appeals, Eighth Circuit. March 23, 1908.)

No. 2,554.

1. COURTS—APPEAL AND ERROR—RIGHT TO REVIEW AS AFFECTED BY MOTION FOR NEW TRIAL—COURT RULES.

Where an appeal to the Court of Appeals in the Indian Territory was perfected, and rulings to which exceptions were properly reserved upon the trial of the case were assigned as error, in conformity with rule 3 of the rules of that court then in force, which declared, inter alia, that such rulings would be considered "whether * * * set out especially in the motion for a new trial or not." Ind. T. Ann. St. 1899, p. 937, it was error for that court to decline to consider them on the ground that they had not been set out with sufficient detail or precision in the motion for a new trial in the trial court.

2. APPEAL AND ERROR—ADHERENCE TO THEORY PURSUED IN TRIAL COURT.

When the parties, with the assent of the court, unite in trying a case on the theory that a particular matter is within the issues, they will not be permitted to depart therefrom when the case is brought before an appellate court for review.

3. MASTER AND SERVANT—NEGLIGENCE—NONOCCURRENCE OF PRIOR ACCIDENT NO BAR TO LIABILITY.

In an action to recover for injuries produced by a hand car upon which the plaintiff was riding, which was alleged to have been negligently per-

mitted by the defendant to remain out of repair for a considerable time, by reason of which it jumped the track and produced the injuries in question, the fact that it had not jumped the track before, and that no other accident had happened to it, is not an answer to the charge of negligence or a bar to liability.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 216.]

**4.** NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—INSTRUCTION.

In an action for personal injuries where there is a defensive plea of contributory negligence, an instruction that the defendant has the burden of proving the plea, and is required to establish it by a preponderance of the evidence, is unobjectionable when other portions of the charge make it plain that the truth of the plea is to be resolved according to the preponderance of the whole evidence, effect being given to every part of it, regardless of who produced it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 229–234.]

**5.** MASTER AND SERVANT—ASSUMPTION OF RISK IN RESPECT OF APPLIANCES PROVIDED BY MASTER.

Primarily, the servant has a right to assume that the master will exercise reasonable care in providing him with reasonably safe appliances with which to do his work, and he does not assume the risk of injury incident to the master's failure to discharge that duty; but this rule is subject to the exception that where an appliance provided by the master is defective and its condition is known to the servant, or is so patent as to be readily observable by him, he cannot then continue to use it without objection, without assuming the risk of injury incident thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 584–592.

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

**6.** SAME—DEFECTIVE APPLIANCE—SERVANT NOT REQUIRED TO EXERCISE CARE TO DISCOVER DEFECTS.

In determining whether a servant assumed the risk of injury incident to his use of a defective appliance negligently furnished by the master, the true test is not whether the servant exercised care to discover defects, but whether they were known to him, or were so patent as to be readily observable by him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 574–592.]

**7.** SAME—INSTRUCTIONS MUST BE APPLICABLE TO EVIDENCE.

When, in an action by a servant to recover for injuries sustained by using a defective appliance negligently provided by the master, there is evidence persuasively tending to show that the defects were known to the servant, or were so patent as to be readily observable by him, and that, in these circumstances, he continued to use the appliance without objection, it is error to charge, without qualification, that the servant had a right to assume that the master had used reasonable care in providing a reasonably safe appliance, and that the servant had a right to use the appliance relying on its safety.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1175.]

(Syllabus by the Court.)

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 6 Ind. T. 534, 98 S. W. 341.

Clifford L. Jackson, for plaintiff in error.

W. H. Kornegay, for defendant in error.

Before VAN DEVANTER and ADAMS, Circuit Judges, and RINER, District Judge.

VAN DEVANTER, Circuit Judge. This was an action to recover for personal injuries sustained by the plaintiff, a sectionman in the defendant's service, who was thrown from a moving hand car which he and other sectionmen were using in the line of their employment. The complaint charged that the defendant furnished the car for the use of these sectionmen; that the flanges upon its wheels and its axles and boxing were badly worn, and one of its wheels was out of alignment; that in consequence it was inclined to jump the track; that these defects had existed for a considerable time and were known to the defendant, or at least would have been discovered by it if it had inspected the car with reasonable care; that on the occasion of the accident in question these defects caused the car to suddenly jump the track, and that the plaintiff was thereby violently thrown from the car to the ground and seriously injured. The answer denied that there had been any negligence on the part of the defendant, and alleged that the plaintiff's injuries were due to his own negligence. A trial resulted in a verdict and judgment for the plaintiff, and the judgment was thereafter affirmed by the Court of Appeals in the Indian Territory. 6 Ind. T. 534, 98 S. W. 341. A writ of error then brought the case here.

The Court of Appeals declined to consider some of the errors assigned in that court, because they had not been set out with sufficient detail or precision in the motion for a new trial in the trial court, notwithstanding the rules of the Court of Appeals in force when that motion was presented and ruled upon in the trial court, as also when the appeal to the Court of Appeals was perfected, declared that errors, assigned as these were, would be considered by that court "whether * * * set out especially in the motion for a new trial or not." Ind. T. Ann. St. 1899, p. 937, rule 3. In this the Court of Appeals erred, as we had occasion to hold in respect of a like ruling in the recent case of Missouri, K. & T. Ry. Co. v. Smith, 81 C. C. A. 598, 152 Fed. 608. At the conclusion of the evidence the defendant preferred a request for a directed verdict in its favor, which was refused, and error is assigned upon this ruling. We think it was right, because a careful examination of the record satisfies us that the evidence and the inferences reasonably to be drawn from it were such as to require that the case be submitted to the jury.

Error is assigned upon the refusal to give the following instruction:

"The jury is instructed in this case that if you find from the evidence that the hand car in question was used by the section crew on the section of the railway company where the accident in question occurred for some months prior to the time of the accident, and said hand car did not during that time jump the track, and during said time no other accident happened to said hand car, there can be no negligence attributed to the defendant in this case because of the condition of said hand car."

We think this ruling was also right. If, as matter of fact, the hand car had not jumped the track, and no other accident had happened to it, in the course of several months' use prior to the accident in question, that was a matter which might be addressed to the jury as an argument upon the questions whether the car had been out of repair for any considerable time, and, if so, whether that was the cause of its jumping the track, and whether such an accident could reasonably have been apprehended; but it was not, as matter of law, a complete answer to the charge of negligence against the defendant or a bar to its liability. Fletcher v. Baltimore & Potomac R. R. Co., 168 U. S. 135, 141, 18 Sup. Ct. 35, 42 L. Ed. 411; 2 Labatt, Master and Servant, pp. 2272–2274. Referring to the defensive plea that the plaintiff had contributed to his injuries by his own negligence, the court charged the jury that the defendant had the burden of proving it, and was required to establish it by a preponderance of the evidence. Error is assigned upon this, and it is urged that it was calculated to make the jury believe that in passing upon the truth of the plea they could look only to the evidence produced by the defendant. The contention is neither tenable nor fair, because the court also said, in that connection, "It (meaning the defendant) may establish this (meaning the defensive plea) either by the evidence it introduces or by the plaintiff's evidence." Thus it was made as plain as it well could be that the issue of fact presented by the plea should be resolved according to the preponderance of the whole evidence, effect being given to every part of it, regardless of who produced it. That being so, this part of the charge is sustained by the highest authority. Indianapolis, etc., Co. v. Horst, 93 U. S. 291, 298, 23 L. Ed. 898; Northern Pacific R. R. Co. v. Mares, 123 U. S. 710, 721, 8 Sup. Ct. 321, 31 L. Ed. 296.

We come next to several assignments predicated upon instructions refused, and others given, bearing upon the question, whether the plaintiff had assumed the risk of injury incident to his continued use of the defective car. The Court of Appeals was of opinion that this defense was not available to the defendant because it was not affirmatively pleaded in the answer. But the question of pleading thus suggested was not raised upon the trial. On the contrary, as the record discloses, each of the parties, without objection from the other, introduced testimony addressed to the question of the plaintiff's assumption of the risk, both presented requests for instructions bearing thereon, and the court charged the jury upon that subject. We must, therefore, give effect to the settled rule, that when the parties, with the assent of the court, unite in trying a case on the theory that a particular matter is within the issues, they will not be permitted to depart therefrom when the case is brought before an appellate court for review. Epperson v. Postal, etc., Co., 155 Mo. 346, 50 S. W. 795, 803, 55 S. W. 1050; Central Vermont R. R. Co. v. Soper, 8 C. C. A. 341, 351, 59 Fed. 879; Lesser Cotton Co. v. St. Louis, etc., Co., 52 C. C. A. 95, 114 Fed. 133; Baker v. Kaiser, 61 C. C. A. 303, 126 Fed. 317; Chicago, Milwaukee & St. Paul Ry. Co. v. Voelker, 65 C. C. A. 226, 233, 129 Fed. 522, 529, 70 L. R. A. 264; Cook v. Foley, 81 C. C. A. 237, 248, 152 Fed. 41, 52; New York, etc., Co. v. Estill, 147 U. S. 591, 614, 13 Sup. Ct. 444, 37 L. Ed. 292; 2 Cyc. 670.

The evidence established that the plaintiff was 29 years old, that he had been in the defendant's service as a sectionman for about 17 months, and that he had been using the car in question almost daily for 4 months. There was also evidence tending persuasively to show that the defective condition of the car was known to him, and was so patent when the car was in use as to be readily observable by those who were using it; and that, in these circumstances, he continued to use it without objection up to the time of the accident. True, this evidence was contradicted, but a finding in accordance therewith would have been amply sustained. The rule of law to be applied in such a case, according to whatever may be the proper finding upon the evidence, is this: Primarily, the servant has a right to assume that the master will exercise reasonable care in providing him with reasonably safe appliances with which to do his work, and he does not assume the risk of injury incident to the master's failure to discharge that duty; but this rule is subject to the exception that where an appliance provided by the master is defective and its condition is known to the servant, or is so patent as to be readily observable by him, he cannot then continue to use it without objection, without assuming the risk of injury incident thereto. Choctaw, Oklahoma & Gulf R. R. Co. v. McDade, 191 U. S. 64, 68, 24 Sup. Ct. 24, 48 L. Ed. 96. It is in view of the evidence and the law as here stated that the assignments last mentioned must be considered.

The defendant preferred two requests for instructions, each of which declared, inter alia, that if, by the exercise of reasonable care, the plaintiff "could have discovered" the defective condition of the car, he should be held to have assumed the risk. Both were denied, and rightly so; for the true test in such cases is not whether the servant exercised care to discover defects, but whether they were known to him, or were so patent as to be readily observable by him. Texas & Pacific Ry. Co. v. Archibald, 170 U. S. 665, 671, 18 Sup. Ct. 777, 42 L. Ed. 1188; Choctaw, Oklahoma & Gulf R. R. Co. v. McDade, supra.

At the request of the plaintiff, and over the objection and exception of the defendant, the court, without any qualification thereof, incorporated the following in its charge:

"Plaintiff had a right to rest on the assumption that the hand car in question was free from defects discoverable by proper inspection;" and also: "He had a right to assume that the defendant had used reasonable care to furnish a safe hand car, and to deal with the hand car relying on the fact that it was safe."

This portion of the charge was properly subject to objection, for it so stated and repeated the primary rule before mentioned as to convey the impression that it was absolute, and not subject to any exception; and this in a case where there was evidence tending persuasively to show that it fell within the exception to the rule, and where the defendant in various ways indicated that it was relying upon the exception. In other words, it left out of view, and was well calculated to cause the jury to disregard, important evidence which it was their duty to consider in forming their verdict. Smith v. Condry, 1 How. 28, 35, 11 L. Ed. 35; Rhett v. Poe, 2 How. 457, 483, 11 L. Ed. 338; Adams v. Roberts, 2 How. 486, 496, 11 L. Ed. 349; Ranney v. Barlow, 112

U. S. 207, 215, 5 Sup. Ct. 104, 28 L. Ed. 662. And the objection was not merely that there was a failure to instruct upon a particular point, but that, in view of the evidence to be considered, there was a prejudicial misdirection. Hickory v. United States, 151 U. S. 303, 316, 317, 14 Sup. Ct. 334, 38 L. Ed. 170; Ranney v. Barlow, supra.

For the errors noticed herein, the judgments of both courts are reversed, with a direction to grant a new trial.