# CHARLESTON

### SMITH *v.* UNITED LUMBER COMPANY.

Submitted January 23, 1912.   Decided February 11, 1913.

1. MASTER AND SERVANT—*Injuries to Servant—Care Required—Warning Servant.*

   The master is not required to give the servant warning of dangers that can not reasonably be anticipated.   (p. 751).

2. SAME—*Injuries to Servant—Assumption of Risk.*

   Where the servant is of sufficient discretion to appreciate the dangers incident to the work, and he has equal knowledge with the master of the dangers, he takes the risk therefrom upon himself.   (p. 751).

3. SAME—*Injuries to Servant—Care Required.*

   The measure of the care required to be exercised by the master toward the servant must be gauged by the circumstances involved.   The master is not an insurer.   He is only required to exercise such ordinary and reasonable care as the nature and dangers of the business demand.   (p. 752).

4. SAME—*Injuries to Servant—Evidence.*

   For the servant to maintain an action against the master, for injury received in the employment, the evidence must prove that the master was negligent of his duty to exercise reasonable care for the protection of the servant, and that such negligence caused the injury.   (p. 752).

Error to Circuit Court, Raleigh County.

Action by John H. Smith against the United Lumber Company.   Judgment for plaintiff, and defendant brings error.

*Reversed and New Trial Awarded.*

*McGinnis & Hatcher,* for plaintiff in error.

*File & File,* for defendant in error.

ROBINSON, JUDGE:

While in the employment of defendant, plaintiff was injured by having his arm broken.   He has judgment, through the ver-

dict of a jury, based on alleged negligence of the defendant in not observing duties which it, the master, owed to him as servant. Defendant, by this writ of error, challenges the standing of the judgment.

For the first week that plaintiff worked on defendant's saw mill he was engaged in edging shingles. Then he was directed to assist in the work of constructing an extension to the dock of the mill. This dock was a platform built out from the mill proper, along the railway track and toward the lumber yard. Its use was that of a place where the product of the mill was temporarily piled until the same could be put on the cars or be taken to the lumber yard for permanent ricking. A larger dock was needed, and plaintiff was sent to assist in building an addition to the one in use. He began work near a pile of lumber on the dock, temporarily resting there out of the custom of docking to which we have referred. This pile of lumber was more than four feet high, containing various sizes of boards, laid out in the same direction, but put only in such shape as the ordinary docking purposes demanded. At the top of the pile were some larger pieces in the shape of sills. While plaintiff was engaged in putting up the framework of the extension to the dock, a portion of this pile of lumber fell away in such manner that one of the larger pieces from the top slipped or rolled on him, so that he was knocked from his position to the ground at the railway track. The force of the fall caused his injury.

The negligence alleged is that defendant did not observe its duty to warn plaintiff of danger from the falling of this lumber pile; that defendant took him from his regular employment in edging shingles and placed him at a work in which he was not experienced and the dangers attending which he was unacquainted with; and that defendant failed to exercise due care in providing him a safe place in which to work.

Defendant for reversal assigns error in the court's refusal to direct a verdict in its favor, and in the court's refusal to set aside the verdict rendered. So, the only questions presented, arise from a consideration of the evidence.

Does the evidence under the law applicable to the facts and circumstances proved, make a case of actionable negligence?

A thorough consideration of the evidence leads us to the con-

clusion that plaintiff has not proved negligence on the part of defendant.

Under the facts and circumstances of the case there was no obligation on the part of defendant to instruct or warn plaintiff of danger in the work of extending the dock. For, no particular danger was so apparent as to make it obligatory on defendant to give instruction or warning. The occupation was one which any man of ordinary intelligence would understand in all its relations. Besides, the evidence shows that plaintiff's experience in general lines made him fully cognizant of the situation in which defendant put him to work. It does not appear that defendant knew, or should have known, that the lumber pile was liable to fall or change its position in any way. It does not appear that the lumber was negligently or insecurely piled up, or that the pile was of such shape as to charge defendant with knowleddege that it might topple or fall of its own weight. Of what then should defendant have warned or instructed plaintiff? The master is not required to give the servant warning' of dangers that can not reasonably be anticipated. Nothing in the evidence charges defendant with knowledge that danger was to be apprehended from this temporary pile of lumber. Defendant dealt with it as an ordinary prudent person would have done. There was nothing about it to indicate danger to either plaintiff or defendant. From the evidence, we must say that it looked harmless to both. No probable danger appeared to either. The danger which lurked in the lumber pile was clearly a hidden one, not to be ordinarily apprehended in advance of its attack. Indeed, as far as appears from the evidence, the danger to plaintiff from the lumber pile was only one of the usual dangers of the employment which he undertook. "A master is not required to keep special watch over his employee and warn him of common dangers to which he may be subjected in the performance of his ordinary duties." 1 Labatt on Master and Servant, sec. 209a.

Though plaintiff was changed from another employment to the work of constructing the extension to the dock, there was nothing about the latter work which an ordinarily intelligent man could not understand in its relation to dangers from the surroundings. It is true that "where a servant is ordered to do work outside of the scope of his employment, the master is under the same obli-

gation to warn and instruct him as though he were engaged in his regular employment." 26 Cyc. 1172. But, as we have said, the evidence in the case does not show a situation of such danger in the work to which the plaintiff was ordered from his regular service as to have demanded warning or instruction from defendant. Moreover, all that situation was as obvious to plaintiff as it was to defendant. It was only an ordinary situation which any man of discretion could understand in all its relations. Plaintiff could see as much danger in it as defendant had knowledge of. The liability of the lumber pile to fall was as apparent to plaintiff as to defendant. Where the servant is of sufficient discretion to appreciate the dangers incident to the work, and has equal knowledge with the master of the dangers, he takes the risk therefrom upon himself. Wood on Master and Servant, sec. 349; *Giebell* v. *Collins Co.,* 54 W. Va. 518.

The evidence by no means convicts defendant of negligence in not providing plaintiff a safe place in which to work. Much that we have already said applies to this point. The measure of the care required to be exercised by the master toward the servant must always be gauged by the circumstances involved. The master can not be held liable as an insurer. He is only required to exercise such ordinary and reasonable care for the safety of his servants as the nature and dangers of the business demand. 26 Cyc. 1077. This principle has been plainly enunciated by this Court in these words: "The measure of the duty of a master to his servant is reasonable care, in view of the situation of the parties, the relations they have established, the nature of the business in which the servant is employed, the character of the machinery and appliances used, the surrounding circumstances and conditions and the exigencies which require vigilance and attention." *Fulton* v. *Crosby & Beckley Co.,* 57 W. Va. 91. In the case at hand there were no exigencies requiring such high vigilance and attention on the part of defendant as that it should have carefully inspected the lumber pile before placing plaintiff to work near it. There was nothing about the pile of lumber to charge defendant with a duty to protect plaintiff from it. The lumber had been piled in the same way that it is usual and customary to pile lumber on mill docks. Surely defendant can not be held responsible for not doing that which it is un-

usual and unreasonable to do. Must defendant be held negligent for not permanently and most securely stacking its lumber on the dock, though the same was to remain there but a short time for shipment or removal to the permanent stacking place? Must it be held negligent for not removing a harmless looking pile of lumber before putting plaintiff to work near it? That defendant exercised reasonable and ordinary care in the temporary piling of the lumber on the dock conclusively appears. That it had notice or reason to believe that the lumber would fall, nowhere appears. For the safety of plaintiff in relation to this pile of lumber, defendant used all the care that any prudent person would under the circumstances. That is all the law required.

The theory that vibrations of the dock from the running of the mill caused the lumber to fall is not sustained by the evidence. There is no evidence from which a jury would be justified in finding that the lumber was caused to fall by reason of a shaking of the dock. The dock was a reasonably secure one. Though it may have had the slight jar of the mill communicated to it, the fact does not appear that the jar was sufficient to put defendant on notice that the vibrations would likely cause the lumber to fall from the pile. Plaintiff was on the dock much of the time during his work. He does not say that he felt vibrations sufficient to cause the lumber pile to fall. If jar from the mill had such effect, he was in a position to take notice. No witness or circumstance proves that the lumber fell from a particular cause. The evidence shows no more than that it fell, from some unexplained reason. Merely because the lumber fell, we can not hold defendant liable, when it is not shown to have negligently caused the fall. The falling of the lumber, under the facts and circumstances, proved, was merely an unanticipated incident of the business—an accident for which no one can be held blamable. It was one of the incidents, liable but not likely to occur, of which the plaintiff must in reason be held to have assumed the risk. "It is not sufficient for the employe to show that the employer may have been guilty of negligence, but the evidence must point to the fact that he was." *Patton* v. *Texas and Pacific Railway Co.*, 179 U. S. 658; *Whorley* v. *Lumber Co.*, 70 W. Va. 122; 2 Labatt on Master and Servant, sec. 837.

The motion to set aside the verdict and award a new trial should have been sustained. The judgment, therefore, will be reversed, the verdict set aside, and a new trial awarded.

*Reversed and New Trial Awarded.*