## ILLINOIS CENT. R. CO. v. EGAN.

(Circuit Court of Appeals, Eighth Circuit. February 21, 1913.)

No. 3,878.

1. APPEAL AND ERROR (§ 882*)—RIGHT TO ALLEGE ERROR—INVITED ERROR.

Where defendant procured a removal of the cause on the ground that it was not one arising under the federal Employer's Liability Act, but that it arose under the statutes of Iowa and continued such insistence at every stage of the proceeding until the close of the trial, it is not entitled to claim for the first time on writ of error that the trial court erred in sustaining such position and in refusing to remand the cause.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

2. APPEAL AND ERROR (§ 247*)—REVIEW—THEORY OF CAUSE.

It is not permissible for one who tries his case on one theory to change his position in the appellate court and ask for a reversal on an inconsistent theory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1426–1431; Dec. Dig. § 247.*]

3. APPEAL AND ERROR (§ 927*)—MOTION FOR PEREMPTORY INSTRUCTION—DENIAL—REVIEW.

On review of an order denying a motion for a peremptory instruction at the close of the evidence, the evidence must be given the strongest probative force in favor of the party against whom the instruction is asked.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. § 927.*]

4. MASTER AND SERVANT (§ 286*)—DEATH OF SERVANT—NEGLIGENCE—QUESTION FOR JURY.

In an action for the death of a railroad engineer while making repairs under his engine by his train being struck and moved forward by another train in the rear, evidence *held* to require submission to the jury of the question of the negligence of the engineer of such latter train in moving the same against the cars of decedent's train without an understanding between the train crews and without proper signals.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

5. TRIAL (§ 260*)—REQUESTED CHARGE—INSTRUCTIONS GIVEN.
    It is not error to refuse a requested charge substantially covered by
    instructions given.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig.
    § 260.*]

6. MASTER AND SERVANT (§ 295*)—DEATH OF SERVANT—RAILROADS—ENGI-
    NEERS—ASSUMED RISK.
    In an action for death of a railroad engineer negligently killed by an-
    other train moving his train forward while he was making repairs un-
    derneath his engine, an instruction that he entered defendant's employ
    fully appreciating that his work was dangerous and knowing the risks
    naturally and necessarily incident to such employment, and therefore
    waived the right to recover for injury received which resulted from any
    act which was naturally incident to such employment, was erroneous as
    in effect relieving the railroad company of all liability for negligence pro-
    vided the servant injured or killed had worked for a sufficient length of
    time in such employment.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
    1168–1179; Dec. Dig. § 295.*
    Assumption of risk incident to employment, see note to Chesapeake &
    O. R. Co. v. Hennessey, 38 C. C. A. 314.]

In Error to the District Court of the United States for the North-
ern District of Iowa; Henry T. Reed, Judge.

Action by Henrietta Egan, administratrix of the estate of William
J. Egan, deceased, against the Illinois Central Railroad Company.
Judgment for plaintiff, and defendant brings error. Affirmed.

The plaintiff, defendant in error, instituted this action as administratrix of
the estate of her deceased husband in the district court of Black Hawk
county, state of Iowa, on August 18, 1911, and upon petition of the defendant
the cause was removed to the Circuit Court for the Northern District of Iowa
upon the ground of diversity of citizenship. In the Circuit Court the plaintiff
filed a motion to remand the cause to the state court upon the ground that
the complaint showed on its face that the action was one arising under the
national Employer's Liability Act, and therefore was not removable. The de-
fendant claimed that the petition failing to show that the decedent was at
the time of the injury employed on a train engaged in interstate commerce,
the cause of action was not one arising under the national Employer's Lia-
bility Act but one under the state statutes of Iowa where the accident oc-
curred. This contention of the defendant was by the court sustained, the
motion to remand overruled, and the cause tried under the state statute with-
out any objections on the part of the defendant.

The complaint as amended alleges that on September 28, 1910, the de-
cedent was engaged as a locomotive engineer for the defendant, and while
employed in operating a locomotive attached to a train of cars operated by
defendant, and while so engaged, a locomotive and train of cars operated by
other servants of the defendant negligently collided with the train on which
plaintiff's intestate was engaged in the discharge of his duties, injuring him
so seriously that he died soon thereafter from the injuries inflicted. The
particular act of negligence charged is that while the locomotive of which
the decedent had charge and control, with the cars attached thereto, was
standing upon the main line of the company's track, and while he was en-
gaged under his engine in making necessary repairs, it being his duty to
make them, the defendant, through its engineer in charge of another train,
owned by it and operated on the same track, was moved backwards with great
force and violence, and without any signal or notice to said decedent or to
the other employés of his said train, in such a rapid, violent, and reckless
manner that his engine and cars were pushed forward a distance of about
60 feet, whereby he was run over by said locomotive upon which he was en-

gaged at work and his body and legs crushed and severed, from which injuries he died shortly thereafter.

The amendment to the petition charges the negligent act to have been "that said engine and cars were so moved backward and brought into collision with the cars attached to the train upon which plaintiff's intestate was employed at the time, without the knowledge of decedent or the other employés on his train, and without warning to them of such movement, as was the custom at Manchester, where the accident occurred, under like circumstances."

The answer denies negligence and pleads assumption of risk and contributory negligence. A trial was had to a jury and a verdict for plaintiff returned.

F. H. Helsell, of Ft. Dodge, Iowa (George W. Dawson, of Waterloo, Iowa, and Blewett Lee and W. S. Horton, both of Chicago, Ill., and Helsell & Helsell, of Ft. Dodge, Iowa, on the brief), for plaintiff in error.

D. J. Lenehan, of Dubuque, Iowa (George W. Kiesel and L. G. Hurd, both of Dubuque, Iowa, and H. B. Boies, of Waterloo, Iowa, on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and W. H. MUNGER and TRIEBER, District Judges.

TRIEBER, District Judge (after stating the facts as above). [1] It is claimed in this court for the first time that the court below erred in holding that this cause is not one arising under the national Employer's Liability Act but under the state statutes of Iowa. Whether this was error it is unnecessary to determine in this action, as this objection was not made by the defendant in the court below, but, on the contrary, it insisted at every stage of the proceeding, from the time the motion to remand was filed until the close of the trial, that the cause was not one arising under the act of Congress but under the Iowa statutes. Therefore, even if it was error, which we do not decide, the defendant having invited it, and induced the court to commit it, it cannot now be heard to complain. New York Elevated R. R. Co. v. Fifth National Bank, 135 U. S. 432, 441, 10 Sup. Ct. 743, 34 L. Ed. 231; Walton v. Chicago, etc., Ry. Co., 56 Fed. 1006, 1008, 6 C. C. A. 223, 225; Chase v. Driver, 92 Fed. 780, 786, 34 C. C. A. 668, 674; Mechanics' Insurance Co. v. C. A. Hoover Distilling Co., 182 Fed. 590, 593, 105 C. C. A. 128, 131, 31 L. R. A. (N. S.) 873.

[2] Nor is it permissible for one who tries his case upon one theory to change his position in the appellate court and ask for a reversal upon another and inconsistent theory. New York, etc., Ry. Co. v. Estill, 147 U. S. 591, 614, 13 Sup. Ct. 444, 37 L. Ed. 292; Lesser Cotton Co. v. St. L., I. M. & S. Ry. Co., 114 Fed. 133, 142, 52 C. C. A. 95, 104; Chicago, etc., Ry. Co. v. Voelker, 126 Fed. 522, 529, 65 C. C. A. 226, 233, 70 L. R. A. 264; Missouri, etc., Ry. Co. v. Wilhoit, 160 Fed. 440, 443, 87 C. C. A. 401, 404.

[3] A motion for a peremptory instruction having been made by the defendant at the close of the evidence, which was overruled and properly excepted to, necessitates a review of the evidence to determine whether there was substantial evidence justifying the submission of the case to the jury. As on motions of this kind the evidence must be given the strongest probative force in favor of the party

against whom the instruction is asked, we find, upon an examination of the evidence, that there is substantial evidence to warrant the finding, under proper instructions, of the following facts:

[4] Plaintiff's intestate had for 10 years or more been in the employ of the defendant as fireman and locomotive engineer; at the time of the accident he was in charge of a locomotive and freight train of 16 cars running between Waterloo, Iowa, and Dubuque, Iowa; the train was in charge of Mr. Kelley as conductor, and Mr. Cooling, one of the brakemen who had charge of the train in the absence of the conductor; that when the train arrived at Manchester, Iowa, the engine was cut off for the purpose of doing some switching; the conductor left the train to get his lunch, and the brakeman, Cooling, was left in charge of the train; about noon of that day a freight train from Cedar Rapids, Iowa, another branch of the same railroad, had come into the yards at Manchester and was also engaged in switching after Egan's train came into the yards, and immediately preceding the accident was on the other side of the street crossing. There is substantial evidence to show that when two or more freight trains were in the yards at Manchester engaged in switching at the same time, each of the train crews assisted the other in getting out cars which were to go into the other train; that this was done by prearrangement between the crews of the two trains and by the use of ordinary signals; the conductors, or the persons in charge of the trains, would agree in advance of the movement of either train, after they had been placed in position to be exchanged, which one should back down and take or deliver cars to the other, and when so arranged the backing and coupling would be done under the usual rules as to signals. At the time of the accident Egan's engine, which headed east, had attached to it several cars extending westerly to or near a public street crossing in the city of Manchester. The cars attached to Egan's engine had been backed down on this track for the purpose of delivering several of these cars to the engine of the Cedar Rapids train; the brakeman of Egan's train rode down on these cars and got off on the south side of the cars proceeding westerly for the purpose of ascertaining from the engineer of the Cedar Rapids engine whether he was ready and whether they would back up to Egan's train or Egan should back up to his train. Before Egan's train reached Manchester it was discovered that there was something wrong with the shaker bar of the furnace which did not permit of efficient steam making; a bolt connecting the grate bar with the shaker bar being loose. When the engine stopped in Manchester, Egan took his wrench and went down between the engine and tender to fasten his loose bolt while his fireman remained in the cab; it being the engineer's duty to keep his engine in working order and to make these small repairs. While making these repairs, without any notice by signal or otherwise, and without waiting for any understanding with the crew of Egan's train which of the trains should deliver or get the cars, and without any signal from any member of the crew, the engineer of the Cedar Rapids train, Marsh, backed his engine and cars attached to it over the street crossing and

against the cars attached to Egan's engine so that they moved from 30 to 40 feet and Egan was injured as before stated.

If the jury, as the evidence warranted, did find that it was the duty of the engineer of the Cedar Rapids train not to move his train for the purpose of taking cars from Egan's train without an understanding and without giving the proper signals, he was clearly guilty of negligence, and it was the duty of the court to submit that question to the jury under proper instructions.

No exceptions were taken to the charge of the court, and we have carefully examined it and find no prejudicial error therein.

[5] The defendant asked certain instructions, but as most of them were covered by the charge it was unnecessary to repeat them. Those which were refused were clearly erroneous. The principal one which was refused was instruction No. 11, and it fails to state the law correctly.

[6] That instruction was:

"There is a defense claimed on the part of the defendant that said W. J. Egan entered into the employment of the defendant as an engineer, fully knowing and appreciating the facts that said employment was dangerous, and notwithstanding that dangers were connected with such employment, and notwithstanding the fact that he appreciated and knew such dangers incident to such employment, he remained in the employ of the said defendant, and thereby assumed the risks that were naturally and necessarily incident to such employment, and thereby waived any right of recovery for any injury received, which resulted from any act which was naturally incident to said employment and because thereof the defendant urges that the plaintiff may not recover in this case. In this connection you are told that it appears without contradiction that said Egan at the time of the injury and for some time before had been in the employment of the defendant as a railroad engineer, and you are told that if you find from the evidence that he, knowing and appreciating the dangers that were incident to such employment, remained in the service of the defendant, that as a matter of law by such actions he waived the right of recovery because of injuries received, if such injuries were the natural and necessary results due to the dangers incident to such employment, and if you further find that the injury in this case was due to the usual and ordinary acts naturally to be expected as incident to the said employment of said Egan, then the plaintiff may not recover in this case."

It practically states that if an employé of a railroad is long enough in its employ as an engineer and knew and appreciated the dangers which were incident to such employment, and still remained in the service of the defendant, he waived the right to recover, and he thereby assumed the risk. This is certainly not the law, for, if it were, there never could be a recovery by an employé of a railroad company. It would relieve railroad companies of all liability for negligence no matter how gross. Crotty v. Chicago Great Western Ry. Co., 169 Fed. 593, 95 C. C. A. 91; Chicago, etc., Ry. Co. v. Donovan, 160 Fed. 826, 87 C. C. A. 600. There was no error in refusing to give it.

There being no error in the record, the judgment is affirmed.