## CHARLESTON.

BENJAMIN C. GRIFFIN *v.* BALTIMORE & OHIO RAILROAD CO.

Submitted January 15, 1924.   Decided April 22, 1924.

1.   MASTER AND SERVANT—*Master Not Compelled to Guard Nor Warn Against Dangers Not Reasonably Anticipated.*

   The master is not compelled to foresee and guard against an accident which reasonable and prudent men would not expect to happen, nor to warn his servant of dangers not reasonably to be anticipated.   (p. 304).

2.   SAME—*Railroad Knowingly Permitting Dangerous Practices by Employees Liable, Although Acts are Beyond Scope of Employment.*

   Where a railroad company knowingly permits and encourages its employees to indulge in dangerous practices on its premises, although the acts of such employees are beyond the scope of their employment and totally disconnected therewith, it will be liable to one injured thereby lawfully on its premises at the time of the injury.   (p. 305).

3.   SAME—*Railroad Liable Under Federal Act to Employee Within Scope of Employment.*

   Where such railroad company is at the time of such injury engaged in interstate commerce, it will be liable under the

Federal Employer's Liability Act to an employee so injured, if also engaged in interstate commerce and acting within the scope of his employment at the time.   (p. 307).

4.   SAME—*Risk Not Assumed by Servant Ignorant of Danger.*

A servant can not be held to have assumed the risk of a dangerous condition not coming within the scope of his employment, brought about by the negligence of the master, the danger of which he was unable to comprehend and foresee and of which he was ignorant.   (p. 307).

Certified questions from Circuit Court, Harrison County.

Action by Benjamin C. Griffin, by next friend, against the Baltimore & Ohio Railroad Company.  The court overruled defendant's demurrer to the declaration and certified the questions arising thereon.

*Ruling affirmed in part. Reversed in part.*

*Coffman & Morris,* for plaintiff.

*Hoffheimer & Templeman* and *Conley & Johnson,* for defendant.

MILLER, JUDGE:

This action was brought by plaintiff, a youth nineteen years of age, by a next friend, for damages alleged to have accrued to him by reason of injuries sustained while in the employ of the defendant company and engaged in performing the duties required to be performed by him in the course of his employment.  The trial court overruled defendant's demurrer to the declaration and has certified to this court the questions arising upon the correctness of its ruling thereon.

The declaration alleges that plaintiff was employed as a section hand or trackman, and that at the time he was injured he was engaged in the performance of the duties required by his employer to be done by him.  In four of the five counts it is alleged that plaintiff was injured by a stone thrown by one of his co-workers or fellow trackmen, two of the counts alleging that the stone so thrown struck him directly, and the other two that it first came in contact with a passing train and was deflected so as to strike him.  The

other count, the fourth, alleges the duty of the defendant to warn plaintiff that by reason of jars and vibration of rapidly passing engines and trains loose parts thereof as well as articles carried thereon, might become detached and hurled through the air with deadly force, and to instruct him to keep a safe distance from such passing trains and engines, but the specific act complained of was that a passing train came in contact with a stone, which "was then and thereby driven, hurled, projected and deflected in such manner that with great force and violence it struck the plaintiff," inflicting the injuries complained of.

It is further alleged that the defendant, its officers and agents well knew of the habit or custom of the other employees working with plaintiff to throw stones and other hard objects and substances, but that defendant, disregarding its duty to protect plaintiff by forbidding such acts, and promulgating rules for his protection, did, by its proper agents, servants and employees, and particularly by its section foreman, permit, allow, acquiesce in, encourage and participate in the hurling and throwing of said stones, one of which struck plaintiff causing the injuries complained of; that knowing the youth and immaturity of plaintiff, it became the duty of defendant to warn and instruct him of the dangers incident to his employment, but that defendant failed in this duty and did not warn plaintiff of such dangers; and that it was the positive duty of defendant to take reasonable precaution to surround plaintiff with fit, competent and discreet co-workers only, and to discharge such of its servants as it had knowledge were not competent or by whose acts it might reasonably be seen plaintiff might be injured, but that defendant failed in its duty in this respect.

This action was brought under the Federal Employer's Liability Act of Congress, and to render the employer liable in damages, it is necessary to show negligence on the part of such employer.

We are of opinion that the fourth count is bad on demurrer. It is not alleged that one of plaintiff's fellow workmen threw the stone which injured him, nor is it alleged that the stone fell from the passing train, but that the passing train came

in contact with the stone or other hard substance which was thereby driven with great force against plaintiff. No explanation is given as to where the stone came from. Negligence can not be inferred from a single occurrence of this character, which could not reasonably have been anticipated; and, the master is not compelled to foresee and guard against an accident which reasonable and prudent men would not expect to happen. *Va. Iron, Coal & Coke Co.* v. *Kiser,* 105 Va. 695. There are no facts alleged showing that passing trains had ever been known to dislodge and hurl stones or other objects on or about the roadbed of defendant, or of any other railway, or that the company, its officers or agents could reasonably anticipate that such an accident would occur. Nor is the master required to give the servant warning of dangers that can not reasonably be anticipated. *Smith* v. *United Lumber Co.,* 71 W. Va. 749.

It is insisted by counsel for defendant that the employee who is alleged to have thrown the stone injuring plaintiff was not acting within the scope of his employment or in the furtherance of the master's business at the time of the accident, but that he had departed therefrom, and that therefore the master is not answerable for his act. The negligence here alleged is not that of a fellow servant, but the negligence of the master, in that it permitted, encouraged and participated in dangerous acts of the same character as that which caused plaintiff's injury, and in the particular act complained of, and on its own premises surrounded plaintiff with dangers. It is alleged that defendant had employed plaintiff and placed him in a position where it might reasonably be anticipated harm might come to him by reason of the dangerous practices permitted there, and that he was then engaged in the performance of the duties incident to his employment. It does not matter whether the particular act causing the injury was that of an employee or other person. In the case of *Fletcher* v. *Balto. & Pot. R. R. Co.,* 168 U. S. 135, the evidence showed that the railroad company ran daily trains out of Washington to carry its employees to work and to return them to their homes in the evening; and that these employees were permitted to bring back with them on the company's

train of flat cars for their own use as firewood, pieces of refuse timber left over from their work, which they threw off near their homes while the train was moving. A piece of timber so thrown from the train struck and injured an employee of the company who was returning home from the company's shop where he was employed. It was held that the question of defendant's negligence was one for the jury. In the opinion in that case the Supreme Court said: ''If the act on the car were such as to permit the jury to find that it was one from which, as a result, injury to a person on the street might reasonably be feared, and if acts of like nature had been and were habitually performed by those upon the car to the knowledge of the agents or servants of the defendant, who with such knowledge permitted their continuance, then in such case the jury might find the defendant guilty of negligence in having permitted the act, and liable for the injury resulting therefrom, notwithstanding the act was that of an employee and beyond the scope of his employment and totally disconnected therewith. * * * It is not a question of scope of employment or that the act of the individual is performed by one who has ceased for the time being to be in the employment of the company.'' The decision was based on the knowledge of the railroad company of the custom of the men to throw wood from moving trains, the fact of which was held to be a question for the jury, together with the question whether the company was guilty of the omission of a duty which it owed to plaintiff as one of the public lawfully using the street along which the railway passed. It was also said in that case, that a single act of such nature, either by a passenger or by an employee outside the scope of his employment, is not to be presumed, and that negligence on the part of the company in failing to prevent the act could not probably be shown by proof of a single act of that kind, even though damage resulted, where there was nothing to show the company had any reason to suppose the act would be committed.

We think the case just discussed is controlling on the question of negligence in the present case. It has been followed and cited, on the question of negligence, in numerous federal

as well as state cases.  *St. L. & S. F. Ry Co.* v. *Jeffries*, 276
Fed. 73; *Ramsdale* v. *Goumis*, 228 Fed. 864; *M. K. & T. Ry.
Co.* v. *Wilhoit*, 160 Fed. 440; *Hogle* v. *H. H. Franklin Co.*, 199
N. Y. 389; *St. Louis, I. M. & So. Ry. Co.* v. *Carter*, 111 Ark.
272.  See, also, our recent case of *Keyser Canning Co.* v.
*Klots Throwing Co.*, 94 W. Va. 346, 118 S. E. 521.

It is argued by counsel for defendant that the Fletcher
case is only applicable to the liability of a railroad company
for injury to persons in the street or on adjacent private
property.  If the railroad company is liable to one on private
property, for its negligent act, why would it not be liable
to one lawfully and rightfully on its own premises, when in-
jured by such act?  In this case plaintiff was lawfully on
defendant's premises, engaged in the duties assigned to him
by the master, in the scope of his employment.  We hold
that the declaration sufficiently states a case of negligence
against defendant.  The Federal Employer's Liability Law
makes every common carrier by railroad liable in damages
to any person suffering injury while he is employed by such
carrier in such commerce when the injury results in whole or
in part from the negligence of such carrier, its officers,
agents or employees.  Undoubtedly plaintiff in this case comes
within the scope of persons intended to be protected by the act.

Defendant's counsel cite cases where railroad employees
have been injured by ''horse-play'' or pranks indulged in by
fellow servants, and the defendant held not liable because
the fellow servants were acting outside the scope of their em-
ployment; but in none of these cases was it shown that such
pranks and jokes were habitually indulged in with the knowl-
edge and acquiescence of the master.

It is said that plaintiff assumed all the risks ordinarily
incident to his employment, and in addition extraordinary
risks due to the master's neglect, when he became aware of
the negligent act or condition and of the risks arising there-
from, or when the danger was so obvious that an ordinary
person, under similar circumstances, would have observed
and appreciated it, or when so plainly observable that he
must be presumed to have known it.  There is nothing in the
declaration in this case to show that plaintiff knew of the

custom or habit of his fellow workmen to throw stones in a dangerous manner; it is only alleged that he was "employed and kept employed by said defendant on the said 12th day of September, 1922, and prior thereto." It is not shown that he had knowledge of the dangerous practice which he alleges was the cause of his injuries. On the contrary, in each count of the declaration it is directly alleged that plaintiff was inexperienced, ignorant of, and wholly unable to comprehend and foresee the dangers, risks and hazards of his employment, and that the defendant well knew his youth, inexperience and inability to comprehend and foresee the dangers surrounding him. Generally, the question whether plaintiff appreciated the dangers and risks of his employment, and assumed them, is one for the jury to determine.

We are of opinion that the circuit court properly overruled the demurrer as to the first, second, third and fifth counts of the declaration; but as to the fourth count it should have been sustained.

*Affirmed in part.        Reversed in part.*